UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRUCE JACKSON

V.

NO.

LINDSAY NORMAN,
Individually and in his former capacity as President of
Massachusetts Bay Community College

PAULA GASTENVELD, Individually and in her former
capacity as Vice-President of Massachusetts Bay Community College

GHAZI DARKAZALLI, Individually and in his
capacity as Dean at Massachusetts Bay Community College

THOMAS SABBAGH, Individually and in his former
capacity as Associate Dean at Massachusetts Bay Community College

LAURIE TAYLOR, Individually and in her
capacity as Vice-President of Massachusetts Bay Community College

**05 - 11429 RWZ**

CIVIL ACTION

RECEIPT # _65437_
AMOUNT $ _250.00_
SUMMONS ISSUED _5_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _MP_
DATE _7/7/2005_

MAGISTRATE JUDGE _MBB_

## COMPLAINT

### Summary

1. This case derives from the dismissal in August 2002 of a tenured Professor at the

Massachusetts Bay Community College, and of his colleague in the program, Dr.

Chandrakant Pansé. Over the past three years several actions have taken place:

following procedures prescribed by the Collective Bargaining Agreement covering

1

dismissal of a tenured faculty member, there has been a hearing presided over by the President of the College, Lindsay Norman, the first listed defendant in the present case, who, in his function as adjudicator dismissed Plaintiff the morning immediately following the close of the hearing, prior to the preparation of any hearing transcripts; an appeal to the Chancellor of the Board of Higher Education, which was rejected; and a transfer to binding arbitration, currently not yet completed.

2. A collateral action was brought by the College appealing the awarding of unemployment compensation to Plaintiff, on the ground that Plaintiff had been dismissed for just cause. The appeal was rejected by the hearing examiner for the Massachusetts Division of Employment and Training on the basis that the employer had not met its burden to establish that "the claimant's discharge was attributable to deliberate misconduct in willful disregard of the employer's interest, or to a knowing violation of a reasonable and uniformly enforced rule or policy of the employer."

3. A collateral action was brought by Plaintiff in the U.S. District Court for Massachusetts, Eastern Division, Civil Action No. 02-11525 GAO, on the basis of a violation of his civil rights under 42 U.S.C. §. 1983 for lack of an impartial arbiter and hearing. The case was dismissed with prejudice. On appeal to the First Circuit

2

Court of Appeals this order was vacated and remanded for an order to dismiss with prejudice. The Appeals Court essentially raised the question of whether it was preferable to wait for the result of the arbitration hearing and then re-institute an action if the Plaintiff felt that the arbitrator's award, even if in his favor, was not sufficient to make him whole.

4. The arbitrator's decision is not yet available, and the College, if the decision is not in its favor, still has the option of appealing to Superior Court. It is almost three years since the dismissal, the process being inordinately delayed due primarily, though not entirely, to requests and actions of the College. Plaintiff now feels that it is prudent to bring this action to preserve his rights, but asks the Court to allow for a fuller presentation of his case to be made following the conclusion of the arbitration action, with no further movement in these proceedings till then.

5. Dr. Chandrakant Pansé, Plaintiff's colleague in the program at the College, was dismissed for almost identical reasons and facts at about the same time as Plaintiff. The pattern of actions in his case is the same as in that of Plaintiff. The procedures of the Collective Bargaining Agreement were followed, with an arbitrator's award in his favor in the latter half of 2004. The arbitrator concluded that not only were there no grounds for dismissal, there were not even any grounds for any disciplinary action. A case on unemployment compensation for Dr. Pansé also resulted in his

3

favor. Dr. Pansé, towards the end of 2004, brought suit, *pro se*, in the Eastern

District Court of Massachusetts, under 42 U.S.C. §. 1983, based on similar

circumstances to those in the present case, though with an extended set of

defendants, causes of actions and a differing set of arguments. This suit, we believe,

is also awaiting resolution of the College's Superior Court appeal of the arbitrator's

award in that case.

Parties

6. The plaintiff is a resident of Wayland, Middlesex County, Massachusetts, and a

citizen of the United States.

7. Plaintiff was a tenured Professor at the Massachusetts Bay Community College.

8. The defendant Lindsay D. Norman was President of the Massachusetts Bay

Community College, Wellesley Hills, Norfolk County, Massachusetts. All other

defendants were officials of the Massachusetts Bay Community College at the time

of the violation of civil rights alleged by plaintiff.

Jurisdiction

9. This court has jurisdiction over this matter pursuant to 42 U.S.C. §§. 1983, 1985,

1988; U.S. Constitution, Amendment 5, applicable to the States through

Amendment 14; and supplementary jurisdiction through the Massachusetts

4

Constitution, Part the First, Declaration of Rights, Articles 1, 10, and 29.

10. Plaintiff has a protected property interest as a tenured Professor, and a protected liberty interest through his status in his profession.

11. All the actions which are the basis of the present lawsuit occurred in the Eastern District of Massachusetts, and all parties were then either resident or employed in this district. Current venue is therefore appropriate.

Facts

12. Lindsay D. Norman was President of the Massachusetts Bay Community College, a State institution, from the Spring of 1999, until the fall of 2005.

13. Bruce Jackson, until his dismissal, was director of a program in bio-technology for students coming from under-represented groups. The program received financial assistance from the National Science Foundation, was cited by them after a site visit as a model program to be emulated by other institutions in the United States, and the achievements of a number of its students have been recognized by awards from the Federal Goldwater Scholarship Fund. Proposals for renewal of the National Science Foundation grant subsequent to the dismissal of Dr. Jackson were rejected by the Foundation.

14. In the spring of 2002, Dr. Norman apprised Dr. Jackson of his intention to terminate his employment. Shortly before this Dr. Norman advised Judith Gill,

5

Chancellor of the Board of Higher Education, that he was going to dismiss Dr. Jackson and his colleague in the program, Dr. Pansé.

15. Pursuant to Article 15 of the Collective Bargaining Agreement (hereinafter "CBA") between The Board of Higher Education (the Employer), a State Agency, and the Massachusetts Teachers Association/Massachusetts Community College Council (the Association), a meeting was held on June 28, 2002 as a first step in a process possibly leading to termination of employment. It was agreed that efforts would continue to resolve the dispute in other ways. Nevertheless Dr. Norman, at the conclusion of the meeting, presented Dr. Jackson with a letter advising him of his intention to recommend his dismissal, together with a package of supporting documents.

16. The remaining steps in the process called for by the Collective Bargaining Agreement were then carried out: a hearing chaired by the President, who is also the decision maker as to a recommendation for dismissal; the right to appeal such a recommendation, if made, to the State's Chancellor of Higher Education; and, if the negative recommendation is upheld, the  initiation of arbitration of a grievance involving dismissal, in accordance with the rules of the American Arbitration Association. The arbitration process has not yet been completed for Dr. Jackson. The concurrent arbitration process for Dr. Jackson's colleague, Dr. Panse, was

6

completed, with the arbitrator finding that there was no just cause for dismissal, or even for a reprimand, and that the President's decision to dismiss was arbitrary, capricious or unreasonable. That decision has currently been appealed to the Superior Court by the College.

17. Plaintiff believes that in the specific circumstances of this case, the second step in the process, the hearing chaired by the President, who also acted as judge and decision maker, resulted in a record so grossly prejudiced against Plaintiff as to constitute a violation of his due process rights under 42 U.S.C. 1983 and the Federal and State Constitutions. Plaintiff also alleges that the other defendants deliberately colluded and cooperated with the President in setting up and carrying out acts which were meant to justify the dismissal. Plaintiff argues that sufficient evidence was developed during the course of several hearings, conducted under oath, to demonstrate conclusively that his constitutional rights, both Federal and State, to an impartial adjudication were violated.

18. Plaintiff also alleges that several other aspects of the procedures involved singled out Dr. Pansé and himself in a manner sufficient to demonstrate that his constitutional rights under the equal protection clause were violated.

WHEREFORE,

19. Plaintiff respectfully requests that further proceedings be delayed until the final

7

conclusion of the arbitration currently under way.

20. Plaintiff respectfully requests that if the arbitrator's award is in his favor, and if due process violations as alleged are found, that damages be awarded sufficient to make him whole to the extent not covered by the arbitrator's award, and including attorney's fees, to the extent allowable pursuant to 42 U.S.C. §. 1988.

Dated: July 7, 2002

_Sam Silverman_

SAM SILVERMAN, BBO No. 462930
18 INGLESIDE ROAD
Lexington, Massachusetts 02420
(781) 861-0368
smpr@rcn.com
Attorney for Plaintiff

## AFFIDAVIT

I, Sam Silverman, attorney for the Plaintiff, hereby depose and swear that the facts presented in the foregoing complaint are, to the best of my knowledge and belief, true and accurate.

Signed under the pains and penalties of perjury this 7th day of July, 2005.

Sam Silverman
BBO #462930
18 Ingleside Road
Lexington, MA 02420
(781) 861-0368

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _JACKSON_  _v._  _NORMAN_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

|   | I.   | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
|---|------|---------------------------------------------------------|
| ☒ | II.  | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases |
|   | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
|   | IV.  | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
|   | V.   | 150, 152, 153. |

05 - 11429 RWZ

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.       [ based on substantially identical facts]

_Jackson v. Norman, # 02-11525 GAO [completed]; Pansé v. Norman, #04-11658 RWZ (Pending)_

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☒    NO ☐

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

YES ☐    NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☐    NO ☐

A.  If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☐          Central Division ☐          Western Division ☐

B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☒          Central Division ☐          Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___SAM SILVERMAN___

ADDRESS ___18  INGLESITE ROAD, LEXINGTON, MA  02420___

TELEPHONE NO. ___(781) 861-0368___

(CategoryForm.wpd - 5/2/05)

☙JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

BRUCE JACKSON

**DEFENDANTS**

LINDSAY NORMAN

**(b)** County of Residence of First Listed Plaintiff    MIDDLESEX

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Charleston, SC

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Sam Silverman, 18 Ingleside Rd, Lexington, MA 02420
(781) 861-0368

Attorneys (If Known)

05 11429 RWZ

## II. BASIS OF JURISDICTION      (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN      (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

42 U.S.C. §§1983,1985,1988

Brief description of cause:  Violation of due process rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE _____     DOCKET NUMBER _____

DATE   7 July 2005

SIGNATURE OF ATTORNEY OF RECORD   Sam Silverman

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____