UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUCE JACKSON<br>V. | CIVIL ACTION<br>NO. 1:05-cv-11429 |

LINDSAY NORMAN,
Individually and in his former capacity as President of
Massachusetts Bay Community College

PAULA GASTENVELD, Individually and in her former
capacity as Vice-President of Massachusetts Bay Community College

GHAZI DARKAZALLI, Individually and in his
capacity as Dean at Massachusetts Bay Community College

THOMAS SABBAGH, Individually and in his former
capacity as Associate Dean at Massachusetts Bay Community College

LAURIE TAYLOR, Individually and in her
capacity as Vice-President of Massachusetts Bay Community College

MOTION TO AMEND COMPLAINT

1. The original complaint in this case was brought in July 2005 prior to the award of an arbitrator hearing an appeal of his dismissal by Dr. Jackson. Motivation for filing the complaint prior to the award was the preservation of Dr. Jackson's rights.

2. The Arbitration Opinion & Award issued on 12 September 2005 and has now become final. The original complaint has now been modified, as Count 1, in accordance with the Arbitration Award, and is presented in an accompanying document.

3. A letter rescinding the dismissal of Dr. Jackson was sent by the new President of the College, Dr. Carole M. Berotte Joseph, dated 19 October 2005. This letter included implicit threats of retaliation against Dr. Jackson. Consequently a new Count 2 has been added to the Complaint to deal with this. Dr. Joseph, as sole signatory, carries

responsibility for the contents of the letter. Consequently a motion to add Dr. Joseph as a party accompanies this motion.

WHEREFORE, Dr. Jackson respectfully requests this Honorable Court to allow the motion to replace the original complaint with the accompanying amended complaint.

Dated: 13 January 2006

/s/ *Sam Silverman*_____

SAM SILVERMAN, BBO No. 462930
18 Ingleside Road
Lexington, Massachusetts 02420
(781) 861-0368
smpr@rcn.com
Attorney for Dr. Jackson, Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRUCE JACKSON                                          CIVIL ACTION
   V.                                                  NO. 1:05-cv-11429

LINDSAY NORMAN,
Individually and in his former capacity as President of
Massachusetts Bay Community College

PAULA GASTENVELD, Individually and in her former
capacity as Vice-President of Massachusetts Bay Community College

GHAZI DARKAZALLI, Individually and in his
capacity as Dean at Massachusetts Bay Community College

THOMAS SABBAGH, Individually and in his former
capacity as Associate Dean at Massachusetts Bay Community College

LAURIE TAYLOR, Individually and in her
capacity as Vice-President of Massachusetts Bay Community College

AMENDED COMPLAINT WITH SUPPLEMENTARY PLEADINGS

OVERVIEW

1. This case derives from the dismissal on August 8, 2002 of Dr. Bruce Jackson, a tenured Professor at the Massachusetts Bay Community College. Dr. Jackson had been employed as a full time college professor since January 21, 1993. The original complaint was filed in July 2005, prior to an arbitrator's award, in order to preserve Dr. Jackson's rights. The Arbitration Opinion and Award (Defendant's Exhibit 2, hereinafter AA) was dated September 12, 2005. The Arbitrator found that (1) the College did not have just cause to dismiss Dr. Jackson; (2) the President's decision to do so was arbitrary and unreasonable based on clear and convincing evidence; and (3) the matter was remanded for reassessment of the original decision by the

President of the College. On October 19, 2005 the new President of the College rescinded the dismissal (Plaintiff's Exhibit 1, hereinafter "President"). No appeal of the Arbitrator's Award, as allowed under M.G.L. ch. 150C, § 11(b) was taken. The Arbitrator's Award of September 12, 2005 thus constitutes a final judgment.

2. This complaint consists of two parts: (1) Count 1 alleges violation of the constitutional rights of Dr. Jackson to substantive due process resulting from the absence of an impartial arbiter; violation of the equal protection clause; and other violations; and to procedural due process resulting from the absence of notice; (2) Count 2 is added as a result of the implicit threats of retaliation contained in the President's letter, and the consequent violation of Dr. Jackson's rights of free speech, and of the Massachusetts Civil Rights Act.

3. An accompanying memorandum details the bases of the above allegations.

## SUMMARY OF THE CASE

1. A detailed description of the events is given in the Arbitrator's Award (Defendant's exhibit 2, hereinafter AA). A shorter summary is given here for convenience. Since August 2002 several actions relating to Dr. Jackson have taken place: following procedures prescribed by the Collective Bargaining Agreement covering dismissal of a tenured faculty member, there was a hearing, August 5-7, 2002, presided over by the President of the College, Lindsay Norman, the first listed defendant in the present case, who, in his function as adjudicator dismissed Plaintiff the morning immediately following the close of the hearing, prior to the preparation of any hearing transcripts; an appeal to the Chancellor of the Board of Higher Education, which was denied; and a transfer to binding arbitration, with a finding by the arbitrator on September 12, 2005 that (1) "The College did not have just cause to dismiss the Grievant, Dr. Bruce Jackson," and (2) The President's decision to dismiss Dr. Jackson was arbitrary and unreasonable based on

clear and convincing evidence," and remanding the matter to the new President of the College, Dr. Carole Joseph, for reassessment of the original decision. The arbitrator noted the absence of notice, essential for minimal due process: "Thus, it cannot be said that the College had put Dr. Jackson on notice that his teaching methods, including his use of mentors, was inappropriate and, if continued, could result in discipline, including dismissal." (Arbitrator's Award, AAA Case Number 11-390-02524-02, at 40, hereinafter AA). It is settled law that absence of notice is a violation of minimal due process. In addition, the Arbitrator noted: "More importantly, the focus of the investigation [of the student's complaints] seemed to be one of building a case for dismissal, rather than of ascertaining whether there was a problem and, if so, developing a plan to remedy it." (*Id*., at 42).

2. A collateral action had also been brought by the College appealing the awarding of unemployment compensation to Plaintiff, DET Docket Number 347336 (hereinafter DET), on the ground that Plaintiff had been dismissed for just cause. The appeal was rejected by the hearing examiner for the Massachusetts Division of Employment and Training, August 22, 2003, on the basis that the employer had not met its burden to establish that "the claimant's discharge was attributable to deliberate misconduct in willful disregard of the employer's interest, or to a knowing violation of a reasonable and uniformly enforced rule or policy of the employer." The DET examiner also noted as a finding of fact (No. 17) that Dr. Jackson "was not previously advised that this method of teaching was unacceptable, and in his conclusions, that "there was insufficient substantial and credible evidence presented to establish that the discharge was due to a knowing violation of a reasonable and uniformly enforced rule or policy."

3. A collateral action was brought by Dr. Jackson in the U.S. District Court for Massachusetts, Eastern Division, Civil Action No. 02-11525 GAO, on the basis of a violation of his civil rights

under 42 U.S.C. §. 1983 for lack of an impartial arbiter and hearing. The case was dismissed with prejudice. On appeal to the First Circuit Court of Appeals this order was vacated and remanded for an order to dismiss without prejudice. The Appeals Court essentially raised the question of whether the action was premature, and whether it was therefore preferable to wait for the result of the arbitration hearing and then re-institute an action if the Plaintiff felt that the arbitrator's award, even if in his favor, was not sufficient to make him whole. The Court specifically stated that the action taken was not to be seen as favoring either side.

## PARTIES

6. The plaintiff is a resident of Wayland, Middlesex County, Massachusetts, and a citizen of the United States.

7. Plaintiff was a tenured Professor at the Massachusetts Bay Community College.

8. On Count 1: The defendant Lindsay D. Norman was President of the Massachusetts Bay Community College, Wellesley Hills, Norfolk County, Massachusetts at the time of the events underlying the present action. All other defendants were officials of the Massachusetts Bay Community College at the time of the violation of civil rights alleged by plaintiff. On Count 2: The defendant, if an accompanying motion to add is allowed, is Carole M. Berotte Joseph, currently President of the Massachusetts Bay Community College.

## JURISDICTION

9. This court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 1983, 1988; U.S. Constitution, Amendment 5, applicable to the States through Amendment 14; supplementary jurisdiction pursuant to 28 U.S.C. 1367; through the Massachusetts Constitution, Part the First, Declaration of Rights, Articles 1, 10, and 29; and the Massachusetts Civil Rights Act.

10. Plaintiff has a protected property interest as a tenured Professor, and a protected liberty

interest through his status in his profession.

11. All the actions which are the basis of the present lawsuit occurred in the Eastern District of Massachusetts, and all parties were then either resident or employed in this district. Current venue is therefore appropriate.

## FACTS

12. Lindsay D. Norman was President of the Massachusetts Bay Community College, a State institution, from the Spring of 1999, until the fall of 2004.

13. Dr. Bruce Jackson, until his dismissal, was director of a program in bio-technology for students coming from under-represented groups. The program received financial assistance from the National Science Foundation, and was cited by them, after a site visit, as a model program to be emulated by other institutions in the United States, and the achievements of a number of its students have been recognized by awards from the Federal Goldwater Scholarship Fund. Proposals by the College for renewal of the National Science Foundation grant subsequent to the dismissal of Dr. Jackson were rejected by the Foundation.

14. In the spring of 2002, Dr. Norman apprised Dr. Jackson of his intention to terminate his employment. On June 2, 2002 Dr. Norman advised Judith Gill, Chancellor of the Board of Higher Education, that he was going to dismiss Dr. Jackson and his colleague in the program, Dr. Pansé. Subsequently, on June 14, 2002, Dr. Norman apprised Dr. Jackson of his intention to terminate his employment.

15. Pursuant to Article 15 of the Collective Bargaining Agreement (hereinafter "CBA") between The Board of Higher Education (the Employer), a State Agency, and the Massachusetts Teachers Association/Massachusetts Community College Council (the Association), a meeting was held on June 28, 2002 as a first step in a process possibly leading to termination of employment. It was agreed that efforts would continue to resolve the dispute in other ways. Nevertheless Dr. Norman, at the conclusion of the meeting, presented Dr. Jackson with a letter advising him of his intention to recommend his dismissal, together with a package of supporting documents.

16. The remaining steps in the process called for by the Collective Bargaining Agreement were then carried out: a hearing, August 5-7, chaired by the President, who was also the decision maker as to dismissal, dismissal on August 8, 2002, the day immediately following conclusion of the hearing, the right to appeal such a decision, if made, to the State's Chancellor of Higher Education; and, if dismissal was upheld, the initiation of arbitration of a grievance involving dismissal, in accordance with the rules of the American Arbitration Association. The arbitration process concluded on September 12, 2005 with the conclusion that there was no just cause for dismissal.

## COUNT 1

1. Plaintiff believes that in the specific circumstances of this case, the second step in the process, the hearing chaired by the President, who also acted as judge and decision maker, resulted in a record so grossly prejudiced against Plaintiff as to constitute a violation of his due process rights under 42 U.S.C. 1983 and the Federal and State Constitutions. Plaintiff also alleges that the other defendants deliberately colluded and cooperated with the President in setting up and carrying out acts which were meant to justify the dismissal. See Arbitrator's

Award, *passim*. Plaintiff argues that sufficient evidence was developed during the course of several hearings, conducted under oath and subject to cross-examination by Defendant's attorney, to demonstrate conclusively that his constitutional rights, both Federal and State, to an impartial adjudication and other rights were violated.

2. Plaintiff also alleges that several other aspects of the procedures involved, detailed in the accompanying memorandum, violated his due process rights

### COUNT 2

1. In her letter of October 19, 2005, rescinding the dismissal of Dr. Jackson, Dr. Joseph, the new President of the College, reiterates charges which had been used to justify the dismissal. The Arbitrator found these charges to be without merit (AA, at 36-40). The reason given for rescinding the dismissal was the burden on the College's finances, rather than the merits of the Arbitrator's decision. Thus reiteration of these charges constitutes a threat of retaliation against Dr. Jackson, clearly deriving from his having successfully challenged his dismissal, constituting an ongoing violation of his constitutional right to free speech, as well as a violation of his right to be free of threats, intimidation and coercion under M.G.L. ch. 12, § 11(I).

WHEREFORE,

1. Plaintiff respectfully requests that this Honorable Court find that Dr. Jackson's civil rights under 42 U.S.C. § 1983 were violated by Defendants; and

2. Under Count 1 that if due process violations as alleged in the present complaint are found; that Defendants be found liable both individually and as employees of Massachusetts Bay Community College; that damages be awarded sufficient to make Dr. Jackson whole to the extent not covered by the arbitrator's award, and to the extent allowable pursuant to 42

U.S.C. §. 1988.

3. Under Count 2 that the Court enjoin the College from retaliating against him by, for example, but not limited to these, providing him with course assignments different from those which he had at the time of his dismissal and to which he was entitled by reason of seniority; and, infringing on his right, under the Collective Bargaining Agreement, to teach his courses with appropriate academic standards, in the manner which he had been successfully doing for nine and one-half years with the approval of the College authorities. And, furthermore, that the Court maintain jurisdiction over this aspect of the case to prevent future retaliation.

Dated: 13 January 2006

/s/ *Sam Silverman*_____

SAM SILVERMAN, BBO No. 462930
18 Ingleside Road
Lexington, Massachusetts 02420
(781) 861-0368
smpr@rcn.com
Attorney for Dr. Jackson, Plaintiff