UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRUCE JACKSON                                    CIVIL ACTION
   V.                                            NO. 1:05-cv-11429

LINDSAY NORMAN,
Individually and in his former capacity as President of
Massachusetts Bay Community College

PAULA GASTENVELD, Individually and in her former
capacity as Vice-President of Massachusetts Bay Community College

GHAZI DARKAZALLI, Individually and in his
capacity as Dean at Massachusetts Bay Community College

THOMAS SABBAGH, Individually and in his former
capacity as Associate Dean at Massachusetts Bay Community College

LAURIE TAYLOR, Individually and in her
capacity as Vice-President of Massachusetts Bay Community College

MOTION FOR SUMMARY JUDGMENT

1  In a motion for summary judgment, *Barbour v. Dynamics Research Corp.*, 63 F.3d 32, 36 (1st Cir. 1995):

> [The Court must] view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor. *Woods v. Friction Materials, Inc.,* 30 F.3d 255, 259 (1st Cir. 1994). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

2. The two essential elements of a ' 1983 action are: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527; 101 S. Ct.

1908; 68 L. Ed. 2d 420 (1981). State employees act under color of state law when the conduct occurs in the course of performing an actual or apparent duty of his office.

3. There is no dispute that the conduct complained of was committed by persons acting under color of state law, so that the first prong is satisfied.

4. Fuller discussions of and the evidence for the following are given in (a) Plaintiff's opposition to Defendant's motion to dismiss; and (b) the accompanying Memorandum in support of Plaintiff's motion to amend and for summary judgment, both of which are hereby incorporated for reference..

4. Dr. Jackson was deprived of his constitutional rights of substantive due process to an impartial arbiter; to equal protection; and other rights guaranteed by both the Federal and State Constitutions; and of his right to the procedural due process right of notice. The evidence for these violations rests on the findings of fact given in the Arbitrator's Award, acceptable for collateral estoppel purposes, or, in any event, for their persuasive character; and in additional evidence derived from sworn testimony, with opportunity for cross-examination, given in the arbitration hearings and in hearings chaired by President Norman, one of the Defendants, who also was the decision maker in the decision to dismiss Dr. Jackson. The second prong of a § 1983 complaint is thereby satisfied.

WHEREFORE,

1. Plaintiff respectfully requests this Honorable Court to find that Dr. Jackson's civil rights under 42 U.S.C. § 1983 were violated; and that

2. Defendants were individually and in their official capacities liable for these violations and their consequences; and that

3. This Court hold a hearing or otherwise proceed in a manner which will make Plaintiff

whole, to include damages allowable under 42 U.S.C. § 1988 not otherwise provided for by the Arbitrator's Award, and as otherwise needed to make him whole, see *Barnes v. Gorman*, 536 U.S. 181, 189; 122 S. Ct. 2097; 153 L. Ed. 2d 230 (2002).

Dated: 13 January 2006

/s/ *Sam Silverman*_____

SAM SILVERMAN, BBO No. 462930
18 Ingleside Road
Lexington, Massachusetts 02420
(781) 861-0368
smpr@rcn.com
Attorney for Dr. Jackson, Plaintiff