UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRUCE JACKSON                              CIVIL ACTION

  V.                                       NO. 1:05-cv-11429 RWZ

LINDSAY NORMAN, Individually and in his former capacity as President of Massachusetts Bay Community College; PAULA GASTENVELD, Individually and in her former capacity as Vice-President of Massachusetts Bay Community College; GHAZI DARKAZALLI, Individually and in his capacity as Dean at Massachusetts Bay Community College; THOMAS SABBAGH, Individually and in his former capacity as Associate Dean at Massachusetts Bay Community College; LAURIE TAYLOR, Individually and in her capacity as Vice-President of Massachusetts Bay Community College

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S

MOTION TO STRIKE PLAINTIFF'S MOTIONS TO AMEND AND TO ADD PARTY

1. Defendants move to strike Plaintiff's motions to amend the complaint, and to add a party as a defendant. We note that Defendants, in their motion to strike, cite no case or precedent in support of their motion, nor do they discuss the merits of Plaintiff's motions..

2. Regarding Count I: Notice had been given in the original complaint, filed July 7, 2005, which had been discussed with defendant's attorneys, that a motion to amend would be filed after the Arbitrator's award had been filed. The issues in Count I in the proposed amended complaint being essentially the same as in the original complaint, Defendants have had almost a year and a half notice of these.

3. Regarding Count II: On December 27, 2005 Plaintiff's attorney sent a copy of the proposed motion to add a party to Defendant's attorneys, pursuant to Local Rule 15.1,

noting that the motion would be filed on January 11, 2006 or shortly thereafter. Because of difficulty in producing .pdf files the motion was not filed until January 13. Thus there was more than two weeks notice to Defendants of the intention to move to add a party. No response was made by Defendants during that period.

4. Defendants are correct that Dr. Joseph had not been President of the College at the time of the events leading to the dismissal of Dr. Jackson. Dr. Joseph, however, was the sole signatory, whether or not she was the actual writer, of the letter rescinding Dr. Jackson's dismissal, about which there is no complaint, but which included the implied threat of retaliation (see Plaintiff's Memorandum in support of motion to add party). The motion to add Dr. Joseph as a party was therefore made under the rubric of supplementary pleadings.

5. The letter in question is part of the entire case and controversy, and thus amenable to action, including addition of a party. Furthermore, 28 U.S.C. §1367(a) allows for such joinder. The last sentence there reads: "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." The Supreme Court has noted: "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction. The last sentence of § 1367(a) makes it clear that the grant of supplemental jurisdiction extends to claims involving joinder or intervention of additional parties." *Exxon Mobil Corporation v. Allapattah Services,* __U.S.__, 125 S. Ct. 2611, 2620; 162 L. Ed. 2d 502 (2005).

6. 28 U.S.C. §1367(a) also provides jurisdiction for the Court to consider action regarding retaliation as provided under the Massachusetts Civil Rights Act. See

discussion in Plaintiff's Memorandum in Support of Motion to Amend, etc. The Massachusetts Civil Rights Act, G.L. ch. 12 § 11(I) states:

> Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in section 11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award of compensatory money damages. Any aggrieved person or persons who prevail in an action authorized by this section shall be entitled to an award of the costs of the litigation and reasonable attorneys' fees in an amount to be fixed by the court.

Note that an attempt is sufficient to invoke the statute, and that injunctive relief is appropriate.

7. Plaintiff is not alleging actual retaliation, though there is evidence of attempts of such in class and office assignments, for example, but alleges that there is an inescapable inference threatening retaliation, and asks the Court for an injunction as a preventive measure. Plaintiff understands that there is a real distinction between the threat of retaliation and actual retaliation, with injunctive relief being appropriate for the former, and damages for the latter.

8. Defendants, in their paragraph 4, cite Dr. Jackson, rather than Dr. Joseph, as the party to be added. Using Defendant's logic this should be sufficient reason for the motion to be denied. Plaintiff, however, to avoid unnecessary delay, does not raise this here, and assumes that it is Dr. Joseph that is meant.

WHEREFORE, Plaintiff requests this Honorable Court to deny Defendant's motion to strike Plaintiff's motions to amend the complaint and to add a party.

Dated: 18 February 2006

/s/ *Sam Silverman*

SAM SILVERMAN, BBO No. 462930
18 Ingleside Road
Lexington, Massachusetts 02420
(781) 861-0368
smpr@rcn.com
Attorney for Dr. Jackson, Plaintiff

4