UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRUCE JACKSON                                    CIVIL ACTION

   V.                                            NO. 1:05-cv-11429 RWZ

LINDSAY NORMAN, Individually and in his former capacity as President of Massachusetts Bay Community College; PAULA GASTENVELD, Individually and in her former capacity as Vice-President of Massachusetts Bay Community College; GHAZI DARKAZALLI, Individually and in his capacity as Dean at Massachusetts Bay Community College; THOMAS SABBAGH, Individually and in his former capacity as Associate Dean at Massachusetts Bay Community College; LAURIE TAYLOR, Individually and in her capacity as Vice-President of Massachusetts Bay Community College

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S

MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1. Defendants' motion to strike contains no substantive content on the issues raised in Plaintiff's motions, nor any citations or precedents other than to Local Rule 7.1. Defendants rely on (1) absence of consultation pursuant to Local Rule 7.1; (2) the absence of a decision on Defendants motion to dismiss; and (3) the alleged absence of discovery in this case.

2. Defendant's attorney admits that the issues raised in the original complaint, dated 7 July 2005, were essentially the same as raised in the motion for summary judgment, so that Defendants had adequate notice and opportunity to respond, almost a year and a half. Consultation on these issues pursuant to Local Rule 7.1 was held at least prior to submission of Defendants motion to dismiss. Finally, procedurally, the motion to strike on the basis of absence of Local Rule 7.1 consultation can accomplish little, since even were the motion to strike be granted, Plaintiff's motions could be then re-instated in a

matter of moments, consultation having now taken place. Arguably the Motion to Amend is simply an extension of the original complaint, about which consultation had already been held.

3. Defendants give no citation for the proposition that a motion for summary judgment must be held in abeyance pending a decision on a motion to dismiss. In fact, if all the material facts are known, then judicial economy is served by considering all aspects of the case together.

4. The basis for a motion for summary judgment is that all material facts needed to decide the issue are at hand, not that the issues are the same. In the present case the facts have been elicited over the past three years in three long, full days of hearings before President Norman; in five hearings at the Department of Employment and Training; and in twenty three hearings before an Arbitrator. In all of these hearings the witnesses testified under oath and there was opportunity for cross-examination. In addition findings of facts, whether explicit or implicit, are contained in the Arbitrator's award, and these are not open to judicial challenge. See Memorandum in Opposition to Motion to Dismiss. Taken together with the documents explicitly showing that the decision to dismiss had been made before any hearings before Dr. Norman, thus violating Plaintiff's constitutional right to an impartial arbiter, and other rights as well, there seems to be no need for further discovery, with its additional delays and waste of everyone's time and expense, including that of the Court.

5. If further discovery were needed, it would probably involve the Board of Higher Education in their function of oversight of the College, and similar discovery with the Board of Trustees in their more direct function of oversight. Plaintiff believes that at this

time there is sufficient evidence that his civil rights have been violated, and that such additional evidence, while interesting and probably useful, would be cumulative in demonstrating the basic position of violation of Dr. Jackson's civil rights.

6 Potential damages are dependent on whether the Arbitrator's award, as negotiated between Dr. Jackson and the College, is sufficient to make Plaintiff whole.  Discussion of these must wait until a decision by the Court on whether Dr. Jackson's civil rights have been violated, and, if so, on the final agreement between Dr. Jackson and the College following the Arbitrator's award.

7. In footnote 1, p. 2, Defendants cite the trial court's opinion in a prior case (with what seems to be an incorrect citation), with the same underlying facts but do not cite  the Court of Appeals (1st Cir. No. 02-2425) (91 Fed. Appx. 696 (1st Cir. 2003)) judgment in that case,  ordering vacation of a dismissal by the trial judge with prejudice, and its replacement by dismissal without prejudice.  The Appeals Court, in their opinion, dated October 24, 2003, says: "The request to vacate is not sought for strategic reasons or to unfairly advantage either side. To the contrary, it is meant to avoid unnecessary litigation and to preserve the rights of the parties should the matter not be resolved."  Clearly, the Court of Appeals was not convinced by the lower court's reasoning, which they could simply have affirmed. Defendants' citation of only part of the material thus presents a misleading interpretation of the matter, obfuscating the issues. It is time to put this misleading citation to rest.

8. Plaintiff's attorney takes the opportunity here to correct the implication in Defendants' presentation of the time of filing Plaintiff's motions that there was a deliberate choice to file it in the afternoon before a three day holiday, thus shortening the time available for a

response. The timing was in fact determined by Plaintiff's attorney's travels to Arizona in the second half of October, to Hong Kong for the first half of December, for the delay required by Local Rule 15.1, and by the attempts to convert files to .pdf format. Plaintiff's attorney, recognizing that this might hinder Defendants' response, acquiesced immediately to Defendants' request for a month's delay in responding.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to deny Defendants motion to strike Plaintiff's motion for summary judgment.

Dated: 18 February 2006

/s/ *Sam Silverman*

SAM SILVERMAN, BBO No. 462930
18 Ingleside Road
Lexington, Massachusetts 02420
(781) 861-0368
smpr@rcn.com
Attorney for Dr. Jackson, Plaintiff