UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11429-RWZ

BRUCE A. JACKSON

v.

LINDSAY NORMAN, et al.

MEMORANDUM OF DECISION

June 19, 2005

ZOBEL, D.J.

Plaintiff Bruce A. Jackson directed a biotechnology program as a tenured professor at Massachusetts Bay Community College ("MBCC"). In 2002, defendant Lindsay Norman, the president of MBCC at that time, notified plaintiff of his intention to terminate plaintiff's employment under the collective bargaining agreement (the "CBA") that governed his tenure. In response, the Massachusetts Board of Higher Education (the "MBHE") and the Massachusetts Teacher Association held a meeting to consider other options, but Norman insisted on termination. As required by the CBA, Norman chaired the termination hearing, following which he recommended plaintiff's dismissal. After plaintiff unsuccessfully appealed the decision to the MBHE, the matter went to arbitration. According to the parties' briefs, the arbitrator found in plaintiff's favor and remanded the case to MBCC for reassessment. In the meantime, Norman has left the position of president, and the new president, Dr. Carole Joseph, has reinstated plaintiff.

Plaintiff filed the instant action against Norman and four other MBCC officers for

violation of due process as result of Norman's presiding over the termination hearing and thereby allegedly depriving plaintiff of an impartial judge.  This is the second suit by plaintiff against Norman.  Before the matter went to arbitration, plaintiff sued Norman, alone, on similar grounds before District Judge O'Toole who dismissed the case with prejudice.  See Jackson v. Norman, 2002 WL 31121090 (D. Mass. 2002). The First Circuit Court of Appeals vacated the dismissal with prejudice and ordered that it be rendered without prejudice "to preserve the rights of the parties should the matter not be resolved [at arbitration]."  Jackson v. Norman, 91 Fed. Appx. 696, 697 (1st Cir. 2003). Plaintiff initiated suit before final issuance of the arbitration decision to ensure preservation of his claim.  Motion practice has been active and six pending motions await decision.  Following are the court's decisions on these several motions:

1.    Motion to Dismiss (Docket #11)

Defendants move to dismiss plaintiff's claim on the correct assertion that "it is not required that a hearing be conducted before an 'impartial decisionmaker.' . . . In fact the hearing may be presided over by the employer himself."  Acosta-Sepulveda v. Hernandez-Purcell, 889 F.2d 9, 12 (1st Cir. 1989), citing Feliciano-Angulo v. Rivera-Cruz, 858 F.2d 40, 44 (1st Cir. 1988).  Thus, "a plaintiff alleging impartiality must overcome the presumption that administrators are 'men of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances,' and must demonstrate an actual risk of bias or prejudgment."  Brasslett v. Cota, 761 F.2d 827, 837 (1st Cir. 1985).  This actual risk must be shown by "a specific demonstration of partiality," more than the fact that "the ultimate decision-

maker . . . had also made the challenged personnel decision." Id.  Although plaintiff

does not identify any particular, compelling example of partiality, civil rights cases are

subject to a notice pleading requirement that requires "minimal facts as to who did what

to whom, when, where, and why – although why, when why means the actor's state of

mind, can be averred generally." Educadores Puertorriquenos en Accion v.

Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  At this stage in the litigation, plaintiff need

only allege impartiality in order to survive a motion to dismiss, and he does this, for

example, by arguing about the circumstances surrounding the dismissal and the

timeliness of Norman's decision. Whether a more fully developed record will meet the

high threshold for improper partiality established by case law remains to be seen.

Plaintiff may not, however, sue defendants in their official capacities, as "neither

a state agency nor a state official acting in his official capacity may be sued for

damages in a section 1983 action." Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir.

1991).  Inexplicably, plaintiff contends that MBCC is not an arm of the state and thus

defendants are not entitled to sovereign immunity.  However, plaintiff's entire case

fundamentally relies upon an assertion that MBCC, and thus defendants, acted as an

arm of the Commonwealth, because suit against an entity under 42 U.S.C. § 1983 and

the Fourteenth Amendment necessarily requires that the defendants acted under color

of state law.  See, e.g., Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002)("A

person may recover damages [under § 1983] from a state or local official who, while

acting under color of state law, commits a constitutional tort.").  Although a state official

may be sued in her official capacity when injunctive relief is sought, plaintiff did not

originally seek such relief, and the addition of certain injunctive relief in his Amended

Complaint is denied below in Section 2.

Accordingly, the Motion to Dismiss is allowed as to all defendants in their official

capacities and is denied as to all defendants in their individual capacities.

2.    Motion to Amend the Complaint (Docket #15 and #16)

Plaintiff moves to amend his complaint by adding a defendant and a second

count.  Defendants vigorously object to the addition of Dr. Carole Joseph who replaced

Norman as MBCC president and reinstated plaintiff.  A motion to amend a complaint

may be denied as futile "if the amended complaint still failed to state a claim sufficient

to survive a motion to dismiss."  Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118,

132 (1st Cir. 2006).  The new Count 2 accuses Dr. Joseph of threatening retaliation

against plaintiff and violating other federal and state laws that secure plaintiff's

constitutional rights, as the result of her letter of reinstatement.  "To engage the gears

of either [federal or Commonwealth] statute[s prohibiting retaliation], a plaintiff must

show that (I) [he] undertook protected conduct, (ii) [he] suffered an adverse

employment action, and (iii) the two were causally linked."  Noviello v. City of Boston,

398 F.3d 76, 88 (1st Cir. 2005).  In the allegedly offending letter, Dr. Joseph quoted

part of the MBCC policy requiring faculty members to be present for scheduled classes

and laboratory sessions.  She then stated: "[i]n my professional judgment this is an

essential function of a community college faculty member, of which the contract gives

you notice.  Further, in my professional judgment, your failure to be in the laboratory

supervising students during all scheduled times constitutes a safety hazard which is unacceptable to the College and its students." (Mot. to Amend, Ex. 1).  This letter does not constitute an adverse employment action or an attempt to interfere with plaintiff's constitutional rights.  Because plaintiff has failed to allege sufficient facts to state a claim of retaliation or threatened retaliation under either federal or state law, the Motion to Amend is denied.

3.      Motion for Summary Judgment (Docket #17)

Plaintiff moves for summary judgment, and defendant opposes on several grounds, including that neither party has conducted any discovery.  Plaintiff asserts that "additional evidence, while interesting and probably useful, would be cumulative in demonstrating the basic position of violation of [plaintiff]'s civil rights." (Pl.'s Mem. in Opp. to Mot. to Strike 3).  However, "trial courts should refrain from entertaining summary judgment motions until after the parties have had a sufficient opportunity to conduct necessary discovery." Velez v. Awning Windows, Inc., 375 F.3d 35, 39 (1st Cir. 2004).  "[T]he opposing party must be afforded a fair chance to obtain and synthesize available information before being required to file an opposition." Id. Because the instant motion was filed prior to the rendering of a decision on defendants' earlier Motion to Dismiss and plaintiff's Motion to Amend, defendants reasonably knew neither the landscape of the case nor which facts would be helpful to support their positions.  Accordingly, the Motion for Summary Judgment is denied without prejudice.

4.      Motion to Strike Plaintiff's Motion to Amend (Docket #21)

In light of the denial of the Motion to Amend, this motion is moot.

5.      <u>Motion to Strike Plaintiff's Motion for Summary Judgment (Docket #22)</u>

In light of the denial of the Motion for Summary Judgment, the motion is moot.


<u>     06/19/06     </u>                    <u>/s/ Rya W. Zobel     </u>
DATE                                        RYA W. ZOBEL
                                            UNITED STATES DISTRICT JUDGE