UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRUCE JACKSON                                            CIVIL ACTION

  V.                                                         NO. 1:05-cv-11429

LINDSAY NORMAN,
Individually and in his former capacity as President of
Massachusetts Bay Community College

PAULA GASTENVELD, Individually and in her former
capacity as Vice-President of Massachusetts Bay Community College

GHAZI DARKAZALLI, Individually and in his
capacity as Dean at Massachusetts Bay Community College

THOMAS SABBAGH, Individually and in his former
capacity as Associate Dean at Massachusetts Bay Community College

LAURIE TAYLOR, Individually and in her
capacity as Vice-President of Massachusetts Bay Community College

MOTION FOR RECONSIDERATION

1. The Court's decision to (1) allow Defendant's motion for immunity in their representative capacities, (2) denial of Plaintiff's various motions, as well as (3) the comment on impartiality (at 2), has led Plaintiff's attorney to do further research on these matters, and to re-examine his earlier memoranda on these subjects. Having done so I now move this Honorable Court to reconsider the decision in these matters. Particulars of the arguments supporting this are outlined below and more fully dealt with in an accompanying memorandum, which is incorporated herein by reference.

2. The Memorandum of Decision (hereinafter "Decision") states that defendants may not

be sued in their official capacities, but has no discussion of the jurisprudence on arm-of-the-state immunity, or lack thereof. I therefore present additional discussion of this, focusing on *Fresenius v. Puerto Rico*, 322 F.3d 56; 2003, to clarify (a) the arguments negativing the College as an arm-of-the-state, thus lacking immunity, and (b) that the burden of demonstrating that it is such rests on the entity asserting such.

3. Denial of Plaintiff's motions. Plaintiff moves for reconsideration of the first part of the motion to amend, a revision of the original complaint. Plaintiff does not contest denial of motion to amend by adding a party, since we intended to withdraw that motion after some specific events had taken place. These, since this week, having now occurred, we would have done so in any event. We will, however, discuss the circumstances in order to clarify the record. Denial of the motion for summary judgment without prejudice, to allow for discovery, we also cannot argue with at this time.

4. The discussion of impartiality in the Decision, while not dispositive of the case at this stage, requires a number of comments, both on the cases cited and on the preemption of state cases by federal constitutional requirements.

Wherefore, Plaintiff requests that the Court reconsider its decision that defendants cannot be sued in their official capacities, and also allow amendment of the original complaint to take account of the subsequent arbitrator's award.

Dated: 10 July 2006.

                /s/ *Sam Silverman*_____

                SAM SILVERMAN, BBO No. 462930
                18 Ingleside Road
                Lexington, Massachusetts 02420
                (781) 861-0368

    smpr@rcn.com
    Attorney for Dr. Jackson, Plaintiff


LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1 I emailed the substance of this proposed motion to defendants attorneys on July 6, 2006, with a request for their comments. A response was duly received from Attorney Maite Parsi on July 7, 2006.

    /s/ Sam Silverman_____
    Sam Silverman, BBO No. 462930
    18 Ingleside Road
    Lexington, Massachusetts 02420
    (781) 861-0368
    smpr@rcn.com
    Attorney for Plaintiff