UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **BRUCE JACKSON**, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>**LINDSAY NORMAN**, Individually and in )<br>His former capacity as President of )<br>Massachusetts Bay Community College, )<br>**PAULA GASTEN VELD**, Individually and )<br>In her former capacity as Vice-President of )<br>Massachusetts Bay Community College, )<br>**GHAZI DARKAZALLI**, Individually and )<br>In His capacity as Dean at Massachusetts )<br>Bay Community College, )<br>**THOMAS SABBAGH**, )<br>**LAURIE TAYLOR**, Individually and in her )<br>Capacity as Vice-President of Massachusetts )<br>Bay Community College )<br>Defendants. )<br>) | C.A. NO. 05-11429-RWZ |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

The Defendants oppose Plaintiff's Motion for Reconsideration for the following reasons:

1. This Court ruled correctly that plaintiff's claims against the defendants in their official capacities are barred as "neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action." Johnson v. Rodriquez, 943 F.2d 104, 108, (1st Cir. 1991) Plaintiff cites to no contrary authority.

2. This Court ruled correctly that plaintiff's motion to add Dr. Carole Joseph as a named defendant and add a second count be denied. This new count accuses Dr. Joseph of threatening retaliation against plaintiff and violating other federal and state laws as a result of her letter of reinstatement. To prevail plaintiff must show that he undertook

1

protected conduct, suffered an adverse employment action and that the two were causally linked. Noviello v. City of Boston, 398 F.3d. 76, 88 (1st Cir. 2005) Dr. Joseph's letter neither constitutes an adverse employment action or an attempt to interfere with plaintiff's constitutional rights.

      3.   This Court ruled correctly that plaintiff's motion for summary judgment should be denied since " [T]he opposing party must be afforded a fair chance to obtain and synthesize available information before being required to file an opposition." Velez v. Awning Windows, Inc. 375 F.3d 35, 39 (1st Cir. 2004) Plaintiff filed his summary motion prematurely, before this Court ruled on plaintiff's motion to dismiss. Since no discovery was conducted, defendants did not know the facts that were favorable to their positions.

      For the reasons stated above, and the previously submitted memoranda of law the defendants respectfully request that this Court deny Dr. Jackson's meritless motion.

                          Respectfully Submitted,
                          COMMONWEALTH OF MASSACHUSETTS

                          By its Attorneys,

                          THOMAS F. REILLY
                          ATTORNEY GENERAL

                           /s/ Teresa Walsh_____
                          Teresa Walsh,  BBO# 550047
                          Assistant Attorney General
                          Office of The Attorney General
                          Government Bureau/Trial Division
                          One Ashburton Place, Room 1813
                          Boston, MA 02108
                          (617) 727-2200 x3335
                          teresa.walsh@ago.state.ma.us

Dated  July 14, 2006