UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 1:05-11429 RWZ

BRUCE JACKSON

V.

LINDSAY NORMAN, Individually and in his former capacity as President of Massachusetts Bay Community College; PAULA GASTENVELD, Individually and in her former capacity as Vice-President of Massachusetts Bay Community College; GHAZI DARKAZALLI, Individually and in his capacity as Dean at Massachusetts Bay Community College; THOMAS SABBAGH, Individually and in his former capacity as Associate Dean at Massachusetts Bay Community College; LAURIE TAYLOR, Individually and in her capacity as Vice-President of Massachusetts Bay Community College

## MOTION FOR CONTINUANCE

1. Plaintiff's attorney moves for a continuance of the conference currently scheduled for 6 December 2006 to 5 January 2007, or to such other time as suits the requirements of the Court.

2. As grounds for this motion Plaintiff's attorney states that (a) certain new aspects of the present case have been brought to his attention, and that evaluation, investigation and discovery concerning these requires additional time; (b) he is currently heavily involved in preparations for a pro se action in New Hampshire, requiring considerable research into certain aspects of New Hampshire law; and (c) a business trip to Israel is scheduled for arrival back in the United States on December 5, because of factors beyond the attorney's control, a day before the scheduled conference.

3. Since the present action was brought several events have occurred. A new President of

the College has been appointed, and has begun to make changes in administrative staff. For example, of the five defendants four have now relocated elsewhere, the fifth appears also likely to be gone soon. The remaining defendant has, since Plaintiff's re-instatement, made efforts at developing new charges against Plaintiff reminiscent of those in the original set of actions, indicating a pattern of behavior that requires additional investigation. Also locating and talking to others familiar with the original charges, because of all the staff changes, becomes more difficult and requires additional time. Finally, these important changes have led to a re-evaluation of strategy and raised the question of whether a jury trial would be preferable to a bench trial. Much time has been spent in the past month or two receiving recommendations and interviewing other attorneys who can act in concert with the present attorney, who feels that the best interests of his client may be served better by adding an attorney with more trial experience. This has proved difficult to accomplish thus far because of the weakened financial state of Plaintiff after almost four years with only some consulting income. The issue of whether to ask for a jury trial remains unresolved at this time.

4. Plaintiff's attorney has also been involved in some legal matters in New Hampshire because of his co-ownership of a condominium in which his daughter and her family resides. These matters have had time limits requiring immediate action, and Plaintiff's attorney has had to devote much time to learning certain aspects of New Hampshire law and to the needed actions and negotiations with the Condominium Association and the Managing Agent.

5. Plaintiff's attorney and his wife are owners of an apartment in Jerusalem, Israel, and a

trip to evaluate needed repairs and to discuss status with the present tenants is required from time to time. Plaintiff's wife has been asked to give a short course in bereavement in Jerusalem. This was originally scheduled for October but for one reason or another (perhaps including the war) was finally scheduled for the last part of November. This seemed an appropriate time for the needed visit. Airline scheduling, because of the lateness of getting reservations, has led to a return date to the United States for Plaintiff's attorney of December 5, and a consequent effect of jet lag for a meeting on the 6th.

For the reasons above Plaintiff's attorney asks for a continuance of the scheduled December 6, 2006 conference to January 5, 2007.

Dated: 21 October 2006

/s/ *Sam Silverman*
SAM SILVERMAN, BBO No. 462930
18 Ingleside Road
Lexington, Massachusetts 02420
(781) 861-0368
smpr111@verizon.net

LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1 I emailed the substance of this proposed motion to defendants attorneys on 9 October 2006, with a request for their comments. A telephone call and several emails followed on 12 and 13 October 2006. No agreement was reached.

/s/ Sam Silverman
Sam Silverman, BBO No. 462930
18 Ingleside Road
Lexington, Massachusetts 02420
(781) 861-0368
Smpr111@verizon.net
Attorney for Plaintiff