UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

BRUCE JACKSON,
    Plaintiff,

v.

LINDSAY NORMAN, Individually and in His former capacity as President of Massachusetts Bay Community College,
PAULA GASTEN VELD, Individually and In her former capacity as Vice-President of Massachusetts Bay Community College,
GHAZI DARKAZALLI, Individually and In His capacity as Dean at Massachusetts Bay Community College,
THOMAS SABBAGH,
LAURIE TAYLOR, Individually and in he Capacity as Vice-President of Massachusetts Bay Community College
    Defendants.

C.A. NO. 05-11429-RWZ

---

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE THE PRETRIAL CONFERENCE TO THE EXTENT THAT IT PRESENTS BASELESS ALLEGATIONS

    The defendants in this action oppose plaintiff's "Motion for Continuance" (the Motion) to the extent that it contains baseless allegations, suggests an upcoming attempt to revive the defunct motion to amend the complaint, and includes specious reasons not previously disclosed to the defendants. Given the representations in the Motion, the defendants are compelled to correct the record.

### FACTUAL BACKGROUND

1. This action against the former president and four administrators of Massachusetts Bay Community College (MBCC) alleges due process violations before and during a 2001 termination hearing.

2. Plaintiff's counsel (Counsel) ha represented his client for approximately four years in matters related to this action. These matters include the premature action on the

same grounds filed four years ago[1], and the lengthy arbitration hearings preceding this case. He therefore knows the issues raised, the individuals involved, and the myriad of documents generated.

## PROCEDURAL BACKGROUND

. During a telephone Scheduling Conference held on July 26, 2006, this Court set a discovery deadline of November 30, 2006. The Court also scheduled the pretrial conference for December 6, 2006. Counsel moved to continue the conference.

## COMMUNICATIONS PRECEDING THE MOTION[2]

1. On October 19, 2006, Counsel sent an email to defendants' counsel requesting a time to confer concerning his interest in postponing the pretrial conference scheduled for December 6, 2006.

2. During the ensuing telephone conversation with Assistant Attorney General Maite A. Parsi and Assistant Attorney General Teresa Walsh (the AAGs), Counsel stated that a) he would accompany his wife on her business trip to Israel, b) that the trip had been rescheduled for reasons beyond their control, c) that they would return one day before the pretrial conference, and d) that he did not want to appear at the conference with jet lag.

3. The AAGs indicated that they did not object in principle yet that jet lag from a vacation seemed insufficient. They indicated that following review of a draft, they would review it and determine whether to assent, object, or refrain from objecting to the continuance.

4. Since Counsel's subsequent draft alleged that "new aspects" arose requiring further investigations, the AAGs told Counsel they would object to the motion. When Counsel initially raised the "aspects", he did not state their nature despite requests to do so.

5. Upon reviewing Counsel's draft, the AAGs told Counsel they could not assent to a motion alleging that "new aspects" arose and that further investigation was required. They communicated this position verbally and by email. Exhibit A.

6. It was only upon reading the filed Motion for Continuance that Defendants' counsel learned the various specious reasons for attempting to avoid the pretrial conference.

---

[1] Jackson v. Norman, 1:02-cv-11525-GAO; Jackson v. Norman, 91 Fed.Appx. 696, 2003 WL 22427888, C.A. 1 (Mass.), October 24, 2003.
[2] The email string attached as Exhibit A summarizes the pertinent communications. It includes a draft motion.

7.  Counsel did not propound discovery for three months. He did so only last week after the AAGs remarked upon this failure.

## SPURIOUS ALLEGATIONS THAT REQUIRE CLARIFICATION

In the Motion, Plaintiff sets forth several baseless reasons not previously discussed with the AAGs.

1.  **Staff Changes at the College.**

    Whether some of the defendants continue to work at the MBCC does not preclude preparation for the pretrial conference. Neither does it require further investigation. First, Plaintiff and his counsel have been pursuing the same claims for approximately four years. Further, Counsel propounded discovery three months after the scheduling conference.

2.  **The Purported New Aspects Bearing Investigation**

    In the Motion, Plaintiff claims that a defendant has engaged in conduct suggesting a pattern of behavior requiring further investigation. This specious claim does not warrant any investigation, as this case pertains to alleged conduct during a discrete time frame. This position suggests an upcoming attempt to revive the defunct motion to amend the complaint.

3.  **Search for More Experienced Counsel**

    The Motion suggests that Counsel's lack of diligence is due to spending time during the "past month or two receiving recommendations and interviewing other [more experienced] attorneys" to assist Counsel. This search does not impede meeting deadlines in this case.

4.  **Pondering Whether to Seek a Jury Trial**

    Even if Plaintiff could request a jury trial at this juncture, whether he is considering the possibility does not preclude a conference on December 6, 2006.

## SUMMARY OF DEFENDANTS' POSITION

The defendants do not object to postponing the pretrial conference provided that it is not based on unfounded reasons.

        Respectfully Submitted,
        DEFENDANTS

        By their attorneys,
        THOMAS F. REILLY
        ATTORNEY GENERAL


          /s/ Maite A. Parsi
        Maite A. Parsi, BBO #555009
        Teresa Walsh, BBO# 550047
        Assistant Attorneys General
        Office of The Attorney General
        Government Bureau/Trial Division
        One Ashburton Place, Room 1813
        Boston, MA 02108
        (617) 727-2200 x2572 (Parsi)
        (617 727-2200 x2578 (Walsh)
        maite.parsi@ago.state.ma.us
        teresa.walsh@ago.state.ma.us

Dated:  November 1, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party, listed below, on this date via electronic means.


          /s/ Maite A. Parsi
        Maite A. Parsi

Dated:  November 1, 2006



**Maite Parsi**
10/23/2006 03:45 PM

To: "Sam Silverman" <smpr111@verizon.net>
cc: Teresa Walsh/AGO/STATE/MASS/US@MASS_AG
Subject: RE: Proposed motion for continuance

Sam

We respond to your most recent email, part of this email string.

First, you are fully aware that Teresa Walsh and I are co-counsel in this matter, and that she has communicated with you concerning the latest Jackson lawsuit. She should be included in all communications about it.

Teresa Walsh and I have at all times told you that jet lag following an elective trip was not good cause to continue a conference. You also have ample time prior to the conference to seek conferring with us as required by the pertinent rules.
As to your rewriting of the motion, we did not suggest any lack of candor on your part. We said that, should there be a valid reason, we would either not oppose it or assent to it. Despite our communications, no valid reason was suggested. It was not until yesterday, Sunday October 22, 2006 that I learned that the trip had transformed into a business trip. This is when I saw the motion that you filed on the same day.

AAG Walsh and I stated clearly during telephone conversations and email that we did not believe there were any "new aspects" that would merit a continuance. You must recall that during the last conference with Judge Zobel we agreed upon a schedule for the case.

Since your client's claims involve events that already took place, and the Court denied your motion to amend the complaint to add someone who had nothing to do with it, there is nothing new to add in this matter. Whether you wish to seek a jury trial or not is also not a reason to change the schedule in this case.

Even if you will be embarked on a business rather than leisurely trip, you told us that you will travel on November 21, 2006 and return on December 5, 2006. You will not be away for long, and have ample time to prepare for the conference before you go away.

There is also no good basis to claim that you need time to investigate this case. First, you have failed to engage in discovery in this action. Further, you have been Dr. Jackson's attorney regarding the issues in the lawsuit for approximately four (4) years. You represented him at the extensive arbitration proceedings and when you filed the premature federal lawsuit in 2002. You know the case more intimately than either of

defendants' lawyers.  No extension is warranted for the stated reasons.

We are disappointed that you would suggest that we have did not inform you of "strategy or thinking".  There is no strategy to report.  As to our thinking, our communications with you have always been clear and concise.  Please see our email of October 13 included in this e-mail string.  It does not add to our discussions.  The email is merely a written summary of prior communications with you.

Working relationships should be based on candor and reasonable expectations.  We will continue to be courteous and compromise where warranted.


Maite A. Parsi
Teresa Walsh
Assistant Attorneys General
Government Bureau/Trial Division
One Ashburton Place, 18th Floor
Boston, MA  02108
617-727-2200 x2572 (Parsi)
617-727-2200 x2578 (Walsh)


"Sam Silverman" <smpr111@verizon.net>



"Sam Silverman" <smpr111@verizon.net>
10/22/2006 10:23 AM

To: <Maite.Parsi@ago.state.ma.us>
cc:
Subject: RE: Proposed motion for continuance


Dear Maite: I was saddened by this email of yours. I had expected an assent to my proposal for a short continuance, as a matter of common courtesy. This is why I had assented to your request for an extension early in the proceedings. But I see that I understood wrongly, and that I can count only on your opposing any suggestion I might make. I will act accordingly.

When we first spoke you had no objection to my proposed continuance. You pointed out, however, that courts would probably not like jet lag as a reason. I considered this and rewrote my motion accordingly, and sent the draft on for comment. Teresa asked what I meant by "new aspects" – I told her that we were considering whether a jury trial might make more sense to us. I note that you did not mention this in your email, nor did you or Teresa inform me of your strategy or thinking in the matter. At any rate, the next day you sent me this email with the new information that you would be opposing any reason for a continuance. I have taken this to mean that there is now no agreement between us at all, and have acted accordingly.

I am sorry it has come to this, but you have really convinced me that there is no interest on your part for either compromise or courtesy, and I have no choice but to act accordingly.

Sam

**From:** Maite.Parsi@ago.state.ma.us [mailto:Maite.Parsi@ago.state.ma.us]
**Sent:** Friday, October 13, 2006 12:25 PM
**To:** Sam Silverman
**Cc:** Teresa.Walsh@ago.state.ma.us
**Subject:** Re: Proposed motion for continuance
**Importance:** High

Dear Sam:

Your proposed motion for continuance is inaccurate and does not reflect our conversation of yesterday morning. As you know, Teresa Walsh and I spoke to you following an email from you requesting assent to a continuance of the December 6, 2006 conference. The only proffered reason was your expectation that you would experience "jet lag" following leisure travel. Ms. Walsh and I indicated that we would not object to a motion to continue for a valid reason. You are aware that we expect to be ready and available on the 6th.

Following our conversation, you sent the email below. You added to the draft below inaccurate statements. We did not discuss the reasons you state. We did not talk about any alleged "new aspect" requiring more investigation and discovery. As Ms. Walsh indicated during your brief telephone conversation this morning, there are no new issues in this case. She asked whether there was something that the defendants should know. No "new aspects" were mentioned.

We will not assent to a continuance of the conference or an extension of the discovery period without a valid reason. If you file a motion to continue based on any of the reasons offered to date, you will give us no choice. We will file an opposition.

Maite A. Parsi and Teresa Walsh
One Ashburton Place, 18th Floor
Boston, MA 02108
617-727-2200

---

"Sam Silverman" <smpr111@verizon.net>

10/12/2006 02:21 PM

To: <Teresa.Walsh@ago.state.ma.us>, <maite.parsi@ago.state.ma.us>
cc:
Subject: Proposed motion for continuance

Dear Terry, Maite: Having considered your comments on the telephone today, I have revised my mental idea of what the motion for continuance should look like, and append it below for your comments. For this revised approach please choose either "assent" or "no objection" below, and let me know ASAP any

comments. I would loke to get this out tomorrow (Friday).

Sam

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRUCE JACKSON                                           CIVIL ACTION

V.                                                      NO. 1:05-cv-11429 RWZ

LINDSAY NORMAN, Individually and in his former capacity as President of Massachusetts Bay Community College; PAULA GASTENVELD, Individually and in her former capacity as Vice-President of Massachusetts Bay Community College; GHAZI DARKAZALLI, Individually and in his capacity as Dean at Massachusetts Bay Community College; THOMAS SABBAGH, Individually and in his former capacity as Associate Dean at Massachusetts Bay Community College; LAURIE TAYLOR, Individually and in her capacity as Vice-President of Massachusetts Bay Community College

MOTION FOR CONTINUANCE

1. Plaintiff's attorney moves for a continuance of the pre-trial conference currently scheduled for 6 December 2006 to 22 January 2007, or to such later time as suits the requirements of the Court.

2. As grounds for this motion Plaintiff's attorney states that (a) certain new aspects of the present case have been brought to his attention, and that investigation and discovery concerning these requires additional time; and (b) he is currently heavily involved in preparations for a pro se action in New Hampshire, requiring considerable research into certain aspects of New Hampshire law.

3. In a telephone discussion with Defendant's attorneys they state other commitments during the period 6 December 2006 to 22 January 2007, making an earlier date difficult.

4. Defendant's attorneys (assent) (have no objection) to this motion.

Dated: 12 October 2006

                                /s/ *Sam Silverman*
SAM SILVERMAN, BBO No. 462930
18 Ingleside Road
Lexington, Massachusetts 02420

(781) 861-0368
smpr111@verizon.net


## LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1 I emailed the substance of this proposed motion to defendants attorneys on 12 October 2006, with a request for their comments. A response was duly received.

/s/ Sam Silverman

Sam Silverman, BBO No. 462930
18 Ingleside Road
Lexington, Massachusetts 02420
(781) 861-0368
smpr@rcn.com
Attorney for Plaintiff