UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 1:05-11429 RWZ

BRUCE JACKSON

   V.

LINDSAY NORMAN, Individually and in his former capacity as President of Massachusetts Bay Community College; PAULA GASTENVELD, Individually and in her former capacity as Vice-President of Massachusetts Bay Community College; GHAZI DARKAZALLI, Individually and in his capacity as Dean at Massachusetts Bay Community College; THOMAS SABBAGH, Individually and in his former capacity as Associate Dean at Massachusetts Bay Community College; LAURIE TAYLOR, Individually and in her capacity as Vice-President of Massachusetts Bay Community College

MOTION TO DISQUALIFY AND ORDER WITHDRAWAL OF DEFENDANT'S COUNSEL

1. The statutes defining the duties of the Attorney General, M.G.L. ch. 12, §§3, 3E, mandate a two step process for representation by the Attorney General: (a) a request from the State employee for representation, and (b) investigation by the Attorney General, who has full power to decide whether or not to provide representation. Thus far there is no evidence to show that these requirements have been met.

2. Additionally, Defendants have argued that they are immune from suit in their official capacities, and the Court has accepted this. They are now acting only in their individual capacities, and thus have the status of private citizens. The question arises as to whether the Attorney General may use public moneys to defend private citizens, even though the actions leading to a suit were allegedly performed within the scope of their official duties.

3. Defendant's counsel are Assistant Attorneys General on the staff of the Massachusetts

Attorney-General.

4. Massachusetts statute, M.G.L. ch. 12 §3, states, *inter alia*, :

   "The attorney general shall appear for the commonwealth and for state … officers … in all suits and other civil proceedings in which the commonwealth is a party or interested, or in which the official acts and doings of said … officers … are called in question, in all the courts of the commonwealth, … and in such suits and proceedings before any other tribunal, … when requested by the governor or by the general court or either branch thereof. All such suits and proceedings shall be prosecuted or defended by him or under his direction. Writs, summonses or other processes served upon such officers shall be forthwith transmitted by them to him. All legal services required by such … officers … in matters relating to their official duties shall, except as otherwise provided, be rendered by the attorney general or under his direction."

In *Feeney v. Commonwealth*, 373 Mass. 359 (1977) The Supreme Judicial Court of Massachusetts found that the Attorney General was vested with the power to set legal policy for the Commonwealth, even if this power was exercised contrary to the wishes of the State officers whom he was representing. See also, *Secretary of Administration & Fin. v. Attorney Gen.*, 367 Mass. 154 (1975).

5. M.G.L. ch. 12 §3E modified §3 by including employees of the Department of Education to those for whom the Attorney General could act, and expanding the claims:

   "Upon the filing with the attorney general of a written request by an officer or employee of any agency within … the department of education, that the attorney general defend him in any action alleging … [a] violation of the civil rights of any person under any federal or state law, arising out of the operation … of the department of education, the attorney general shall, if after investigation it appears to him that such officer or employee was at the time the cause of action arose acting within the scope of his official duties of employment, take over the management and defense of such action. The attorney general may adjust or settle any such action at any time before, during or after trial, if he finds after investigation that the plaintiff is entitled to damages from such officer or employee."

6. There is no case law interpreting §3E. The section, however, defines the process allowing the Attorney General to provide representation for an officer or employee of the department of education: (a) there must be a written request by the officer or employee;

2

(b) the attorney general must investigate to determine whether (c) the officer or employee at the time the cause of action arose was acting within the scope of his official duties of employment. The Attorney General also has the power to settle the action if he finds that the investigation results in a finding that the plaintiff is entitled to damages.

7. Attorneys for the Defendants have provided no evidence, though this may exist, to show that the requirements of M.G.L. ch. 12, §3E have been met. They are thus presumably acting for Defendants without authorization. If the Attorney General now carries out the required investigation he must take account, at least, of the Arbitrator's finding that the Plaintiff did not receive even minimal due process, thus violating his civil rights (Arbitrator's finding that plaintiff did not receive notice (Arbitrator's Award, at 40); *Cotnoir v. University of Maine Systems and George Connick, et al.*, 35 F.3d 6 (1st Cir. 1994) (professor never received meaningful notice that his actions could result in dismissal, and this constituted a violation of his constitutional rights)). He must also decide whether representation is in the public interest. See, e.g., *Ciardi v. Hoffman-La Roche*, 436 Mass. 53; 762 N.E.2d 303 (2002), at 67, n. 1.

8. A letter has been sent to the Attorney General asking for action on this issue. A copy is enclosed with this motion (Attachment A). A copy was sent at the same time to attorneys for Defendants.

9. In any event, even if the Attorney General decides to continue representation, this Court is faced with two issues (a) if there was no prior authorization at all, then are the illegal, unauthorized proceedings by the Assistant Attorneys General void; (b) if representation was valid initially, does it remain so when the defendants, on their own motion with allowance by the Court, are now acting in their individual capacities, thus as

private citizens. In this latter case state law, does not necessarily allow for public moneys to be expended for representations of private citizens. See 3 Op. A. G. 596. (1908?): "The Attorney-General has no authority to prosecute claims for the benefit of private individuals except in the single instance of the unascertained individuals who may benefit by a public charitable trust; and there his power and duty in the premises rest upon the benefit which accrues to the public generally by the proper administration of a charitable trust, rather than upon any benefit which may accrue to the individuals whom, because they are unascertainable, he represents." In later years the Attorney General acted for non-State parties where it was in the public interest, generally to enforce state law. See, e.g., *Attorney General v. Trustees of Boston Elevated Railway Company*, 319 Mass. 642; 67 N.E.2d 676 (1946) (Attorney General has the power to proceed against public officers to require them to perform the duties that they owe to the public).

I have found no case law on the question of representation of state officers having acted in their official capacities but being sued in their individual capacities, thus as private citizens, and believe that it is thus a case of first impression.

10. A letter, dated and postmarked November 8, 2006, received on November 13, 2006, from AAG Teresa Walsh, attorney for Defendants (Attachment B). Ms. Walsh states, in response to the draft motion, that : "The pertinent defendants requested representation from the Attorney General's Office. As you know, the allegations in the complaint refer solely to the defendant's actions within the scope of their employment of a state entity, the Massachusetts Bay Community College. I refer you to M.G.L. c.12, §3,c.258 §3, and the complaint in this action." Ms. Walsh does not say when this (or these) letter(s) were sent (that is, when the complaint was first filed, or subsequently), nor who the "pertinent"

4

defendants are (whether all or only some), nor does she present documentary evidence to support these conclusory allegations. Further, she presents no evidence of any investigation by the Attorney General or his decision (not, by §3, his office – the decision is not delegable – the statute makes no reference to delegation). Also, her citation of c. 258 is not applicable. This chapter is the Massachusetts Tort Claims Act, brought in Superior Court, a major purpose of which is to "allow plaintiffs with valid causes of action to recover for harm suffered from public entities," *McGrath v. Stanley*, 397 Mass. 775; 493 N.E.2d 832 (1986), at 778, while 42 U.S.C. §1983, as in the present suit, refers to individuals.  In particular, ch. 258, §3 deals with venue and jurisdiction for suits under the Tort Claims Act against a public employer. Public employees may be suited under a vicarious liability theory. Further, ch. 258, §1 defines the Attorney General as the "public attorney" who defends suits against public employers. Thus ch. 258 has no applicability to the present suit.

Wherefore, Plaintiff moves this Honorable Court to (a) order disqualification and withdrawal of the Commonwealth's Assistant Attorneys General from representation of Defendants, and order Defendants to retain counsel at their own expense, and (b) declare Defendants' actions in the case thus far as void, representation by Assistant Attorney Generals  having been unauthorized and contrary to statute, thus illegal.

 Dated:  14 November 2006

/s/ *Sam Silverman*_____

SAM SILVERMAN, BBO No. 462930
18 Ingleside Road
Lexington, Massachusetts 02420
(781) 861-0368

Smpr111@verizon.net
Attorney for Dr. Jackson,  Plaintiff

LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1 I mailed the substance of this proposed motion, first class mail, pre-paid, to defendants attorneys on November 2, 2006, with a request for their comments.  A response, dated November 8, 2006 was received stating that they would oppose the motion.

/s/ Sam Silverman
Sam Silverman, BBO No. 462930
 18 Ingleside Road
 Lexington, Massachusetts 02420
 (781) 861-0368
 Smpr111@verizon.net
 Attorney for Plaintiff

ATTACHMENT

Letter to Attorney General

2 November 2006

(Copy of Arbitrator's Award not included, since already part of Court record.)

Case 1:05-cv-11429-RWZ   Document 35   Filed 11/14/2006   Page 7 of 11

SAM SILVERMAN
Attorney-at-Law
18 Ingleside Road
Lexington, MA  02420
(781) 861-0368
smpr111@verizon.net

2 November 2006

Thomas F. Reilly, Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108

     Re: Jackson v. Norman, U.S.D.C.  C.A. No. 05-11429

Dear Mr. Reilly:

     I am the attorney for the plaintiff in the above captioned action. Defendants are, or were, the President and other administrative officers at Massachusetts Bay Community College. The action is one alleging violations of plaintiff's civil rights under federal statute 42 U.S.C. §1983 et seq. The plaintiff, a tenured professor, was dismissed in August 2002. Following a hearing by the President, who had previously noted his intention to dismiss him, Prof. Jackson was in fact dismissed. An arbitration followed, which resulted, in September 12, 2005, in his re-instatement. A first action in federal district court, based on an allegation of violation of his civil rights, was dismissed with prejudice by the trial judge. This judgment was subsequently vacated by the First Circuit Court of Appeals, which replaced it with dismissal without prejudice, allowing for subsequent action if the arbitration, then ongoing, was felt by plaintiff to be insufficiently cognizant of Dr. Jackson's rights. A new action, prior to the result of arbitration, was instituted in August 2005 in order to protect his rights.  A motion to dismiss, by the Commonwealth's attorneys, was allowed in part, subsequent to the results of arbitration, by the trial judge insofar as the action against defendants in their official capacities, but denied as to defendants in their individual capacities. This is the current status of the suit.

     As far as I am aware no request to the Attorney General for representation in this matter was ever made, as statutorily mandated by G.L. ch. 12, §§ 3, 3E. I am particularly concerned by the fact that defendants are now being sued in their individual capacities, thus, as I understand it, as private citizens, though the cause of action may have been in their official capacities. It is my understanding that you, as Attorney General  are in the position of deciding whether or not representation, with its associated costs, is either statutorily required or in the public interest. See, e.g., *Feeney v. Commonwealth*, 373 Mass. 359 (1977); *Secretary of Administration and Finance v. Attorney General*, 367 Mass. 154 (1975).

   To aid in making this decision I enclose a copy of the Arbitrator's opinion. Please note the following in the opinion. Despite the five charges made against Dr. Jackson, the arbitrator found there was no just cause for his dismissal, and that the decision was arbitrary and unreasonable. To the extent that the Commonwealth wishes to re-litigate this result, this option is barred, see, e.g., *Miles v. Aetna Casualty and Surety Company*, 412 Mass. 424 (1992), at 427 ("When arbitration affords opportunity for presentation of evidence and argument substantially similar in form and scope to judicial proceedings, the award should have the same effect on issues necessarily determined as a judgment has," citing *Bailey v. Metropolitan Property & Liab. Ins. Co.*, 24 Mass. App. Ct. 34, 36-37 (1987). The arbitrator also found that Dr. Jackson never received notice that his methods could result in his dismissal (at 40), and this is the same as saying that he never received due process, see *Cotnoir*, *Cotnoir v. University of Maine Systems and George Connick, et al.*, 35 F.3d 6 (1st Cir. 1994) (professor never received meaningful notice that his actions could result in dismissal, and this constituted a violation of his constitutional rights). The arbitrator also noted that "This backdrop of strained relationships with the administration suggests at least the possibility that the administration viewed the student complaints as an opportunity to rid the College of a troublesome professor." At 41. These and other matters to be found in the Arbitrator's opinion and in the transcripts of the hearings before the President, and in the arbitration, must certainly raise questions about whether public funds should be expended on behalf on defendants in their capacities as individuals. In addition, since the issues involve constitutional rights which defendants should clearly have been cognizant of, than arguably they acted outside the scope of their official duties. For all of the above reasons I am asking you to withdraw representation by your office.

   I am sending a copy of this letter to Teresa Walsh and Maite Parsi so that they respond expeditiously. I trust and assume that you will carry out a more than perfunctory investigation before deciding whether the Commonwealth should provide representation to the defendants in this matter, or whether they should themselves be responsible for such representation.

                    Yours truly,

                     Sam Silverman

ATTACHMENT B

Letter from Assistant Attorney General Teresa Walsh

8 November 2006

(converted from image of original to text)

# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON MASSACHUSETTS 02108-1598

**THOMAS F. REILLY**  (617) 727-2200
ATTORNEY GENERAL  www.ago.state.ma.us

November 8, 2006

Sam Silverman, Esq.
18 Ingleside Road
Lexington, MA 02420

    Re: Bruce A. Jackson v. Lindsay Norman. et **al.**
       U.S.D.C. C.A. NO. 05-11429-RWZ

Dear Attorney Silverman:

    This is in response to your draft motion and letter to Attorney General Thomas F. Reilly dated November 2, 2006. You ask that the Office of the Attorney General withdraw its representation of non-institutional defendants in their individual capacities. To the extent that your letter is a communication pursuant to Local Rule 7.1(A)(2), we are unable to narrow the issues presented.

    There is no basis for your motion. The pertinent defendants requested representation from the Attorney General's Office. As you know, the allegations in the complaint refer solely to the defendants' actions within the scope of their employment of a state entity, the Massachusetts Bay Community College. I refer you to M.G.L. c.12, **$3,** c.258 **$3,** and the complaint in this action.

    This office will continue to represent the defendants in their individual capacities. Should you file the draft motion, we will oppose it.

                                 Sincerely,
                                 Teresa Walsh
                                 Assistant Attorney General

cc: Haidee Morris, Esq.
    Maite A. Parsi, Esq.