UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **BRUCE JACKSON**,          Plaintiff, | ) ) ) |
| v. | ) ) |
| **LINDSAY NORMAN**, Individually and in His former capacity as President of Massachusetts Bay Community College, **PAULA GASTEN VELD**, Individually and In her former capacity as Vice-President of Massachusetts Bay Community College, **GHAZI DARKAZALLI**, Individually and In His capacity as Dean at Massachusetts Bay Community College, **THOMAS SABBAGH**, **LAURIE TAYLOR**, Individually and in he Capacity as Vice-President of Massachusetts Bay Community College          Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

C.A. NO. 05-11429-RWZ

## DEFENDANTS' PRETRIAL MEMORANDUM

In accordance with Local Rule 16.5, counsel for the defendants submit this Pre-Trial Memorandum, setting forth the following:

**1. A concise summary of the evidence that will be offered by the defendants with respect to liability and damages**:

The plaintiff was not denied due process in his termination at the Massachusetts Bay Community College ("College"). Plaintiff's dismissal was carried out through the procedural protections set forth in the Collective Bargaining Agreement, ("CBA") that governs the employment between the plaintiff and the College. President Lindsay Norman ("Norman") was an impartial decision-maker and presided over the dismissal hearing pursuant to Section 15.02(5) of the CBA. After three days of hearings where Jackson ("Jackson") was represented by counsel

1

and had the opportunity to present evidence and cross-examine witnesses, Norman dismissed Jackson, who appealed to the Chancellor of Higher Education. The dismissal was upheld by the Board of Education, and Jackson grieved the finding by initiating arbitration, where he was represented by Union counsel and had the opportunity to present evidence and cross-examine witnesses. After 23 days of hearings, the arbitrator found no just cause to dismiss Jackson and remanded the matter back to the College. The College reinstated Jackson and compensated him for back pay.

2. **A statement of facts established by the pleadings, by admissions or by stipulations**.

    A.    Lindsay D. Norman was President of the Massachusetts Bay Community College, a State institution, from the Spring of 1999, until the Fall of 2005.

    B.    Bruce Jackson, until his dismissal, was director of a program in bio-technology.

    C.    In the Spring of 2002, numerous students complained about Jackson.

    D.    In the Spring of 2002, the administration at the College conducted an investigation into these student complaints.

    E.    In the Spring of 2002, the administration at the College recommended to Norman that Jackson be dismissed from employment.

    F.    In the Spring of 2002, Norman presented Jackson with a letter advising him of his intention to terminate his employment.

    G.    Pursuant to Article 14 of the CBA between The Board of Higher Education (the "Employer"), a State Agency, and the Massachusetts Teachers Association / Massachusetts Community College Council (the "Association"), a meeting was held on June 28, 2002 as a first step in a process possibly leading to termination of employment.

  H. At the conclusion of the meeting, Norman presented Jackson with a letter advising him of his intention to recommend his dismissal, together with a package of supporting documents.

  I. The remaining steps in the process called for by the CBA were then carried out: a hearing chaired by the President, who is also the decision maker as to a recommendation for dismissal; the right to appeal such a recommendation, if made, to the State's Chancellor of Higher Education; and, if the negative recommendation is upheld, the initiation of arbitration of a grievance involving dismissal, in accordance with the rules of the American Arbitration Association.

  J. The arbitration in this matter was held between March 12, 2003 and October 26, 2004, with 23 days of hearings.

  K. In a decision dated September 12, 2005, the arbitrator found that the College did not have just cause to dismiss Jackson, and the matter was remanded for reassessment to the President of the College.

  L. The plaintiff was reinstated to his position, and awarded back pay.

3**. Contested Issues of Fact**

There are no contested issues of Fact. This case is appropriate for Summary Judgment.

4**. Jurisdictional Questions**.

None.

5**. Questions Raised by Pending Motions**.

Plaintiff has filed a motion demanding the withdrawal of defense counsel. This motion can be resolved on the face of the defendants' arguments since there is no basis for the motion.

**6. Issues of Law, including evidentiary questions, together with supporting authority.**

Jackson claims that his dismissal violated his substantive and procedural due process rights. In deposition testimony of November, 2006 in this case, the record is clear that Jackson availed himself of all due process protections provided for in the CBA. These included a formal statement of charges against him, a three day hearing where he was represented by counsel and had opportunity to call and cross-examine witnesses, present testimony, and argue against dismissal. President Norman Lindsay presided over these hearings, as set forth in Article 15 of the CBA. The CBA further provided Jackson with appellate review of the decision to terminate him by the Massachusetts Board of Higher Education. Finally, the matter went to arbitration for 23 days of hearings where Jackson again was afforded a Union lawyer, had an opportunity to call and cross examine witnesses, present testimony and argue against dismissal. Having found no just cause to terminate Jackson, the arbitrator remanded the matter back to the College and Jackson was reinstated in his position and compensated for back pay. Jackson was afforded all due process to which a tenured public employee is entitled. Cleveland Board of Higher Education v. Loudermill, 470 U.S. 532, 545 (1985).

Jackson claims that his due process rights were denied because the hearing was presided over by President Norman Lindsay, which was mandated by the CBA. The law is clear that a hearing may be presided over by the person who investigated the termination. Feliciano-Angulo v. Rivera-Cruz, 858 F.2d 40, 44 (1st Cir. 1988). Jackson must overcome the presumption when alleging partiality that administrators are "men of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances." Brasslett v. Cota, 761 F.2d 827,837 (1st Cir. 1985). Since Jackson does not identify any specific example of partiality he cannot meet this burden.

4

**7. Requested amendments to the pleadings.**

None.

**8. Additional matters to aid in the disposition of this action**.

This case should be resolved by Summary Judgment, as there are no areas of contested fact, and discovery has been completed.

**9. Probable length of trial.**

This case should not go to trial.

<div style="margin-left: 50%;">

Respectfully Submitted,
COMMONWEALTH OF MASSACHUSETTS

By its Attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL

   /s/ Theresa Walsh
Teresa Walsh,  BBO# 550047
Maite A. Parsi, BBO #554009
Assistant Attorneys General
Office of The Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA 02108
(617) 727-2200 x2578
teresa.walsh@ago.state.ma.us

</div>

Dated: December 8, 2006

## **CERTIFICATE OF SERVICE**

      I, Teresa Walsh, Assistant Attorney General, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the notice of electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants by first class mail, postage prepaid.

      /s/Teresa Walsh
      Teresa Walsh
      Assistant Attorney General
      Trial Division

Dated:  December 8, 2006