UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11429 RWZ

BRUCE JACKSON

  V.

LINDSAY NORMAN, Individually and in his former capacity as President of Massachusetts Bay Community College; PAULA GASTENVELD, Individually and in her former capacity as Vice-President of Massachusetts Bay Community College; GHAZI DARKAZALLI, Individually and in his capacity as Dean at Massachusetts Bay Community College; THOMAS SABBAGH, Individually and in his former capacity as Associate Dean at Massachusetts Bay Community College; LAURIE TAYLOR, Individually and in her capacity as Vice-President of Massachusetts Bay Community College

<u>PLAINTIFF'S  REPLY TO DEFENDANTS' OPPOSITION TO DISQUALIFICATION OF COUNSEL</u>

On or about 21 November 2006 Teresa Walsh, attorney for defendants, filed a motion in opposition to plaintiff's Motion to Disqualify, Document 36. Plaintiff herewith replies to this motion.

1. Paragraph 1 of their motion states that defendants requested representation from the Attorney General's Office in the form of representation letters. This statement is merely conclusory, no supporting evidence is provided. As such the statement has no probative force.

2. Paragraph 2 of defendants' motion, that they were acting within the scope of their employment,  is also conclusory. Arguably defendants were acting in violation of the constitutional rights of plaintiff, and thus beyond the scope of their employment, which certainly does not contain allowance for illegal acts. This issue is a matter to be determined at trial. Thus paragraph 2 also has no probative force.

1

3. Paragraphs 3, 4 and 5 merely state some aspects of the present suit, and no relevance to plaintiff's motion is shown. These therefore also have no probative force.

4. Paragraph 6 simply cites the statute defining the duties of the Attorney General, thus clearly contains no probative force.

5. Furthermore, as plaintiff's motion points out, M.G.L. ch. 12, §3 sets out a two step process for representation: a request for representation by the defendant, and a subsequent investigation and decision by the Attorney General. The statute says nothing about delegation of these functions, so it is the Attorney General himself who must act. Defendants have shown nothing to indicate that the requirements have been met, nor do they even mention the necessity of an investigation by the Attorney General.

6. To sum up: defendants' motion provides nothing of probative force. It is, in short, "full of sound and fury, signifying nothing." Shakespeare, *Macbeth*, Act 5, Scene 5.

Wherefore, plaintiff repeats his request that the Court allow his motion to disqualify and order withdrawal of defendant's counsel.

Dated:   10 December 2006

                                        /s/ *Sam Silverman*_____

                                        SAM SILVERMAN, BBO No. 462930
                                        18 Ingleside Road
                                        Lexington, Massachusetts 02420
                                        (781) 861-0368
                                        Smpr111@verizon.net
                                        Attorney for Dr. Jackson,  Plaintiff