UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11429 RWZ

BRUCE JACKSON

   V.

LINDSAY NORMAN, Individually and in his former capacity as President of Massachusetts Bay Community College; PAULA GASTENVELD, Individually and in her former capacity as Vice-President of Massachusetts Bay Community College; GHAZI DARKAZALLI, Individually and in his capacity as Dean at Massachusetts Bay Community College; THOMAS SABBAGH, Individually and in his former capacity as Associate Dean at Massachusetts Bay Community College; LAURIE TAYLOR, Individually and in her capacity as Vice-President of Massachusetts Bay Community College

PLAINTIFF'S PRETRIAL MEMORANDUM

In accordance with Local Rule 16.5, counsel for plaintiff submits this pre-trial memorandum, setting forth the following:

1 Threshold questions.

(a) Plaintiff has moved to disqualify defendant's attorneys and to order their withdrawal from the case. If this motion is allowed defendants will have to obtain private counsel who should be allowed time to familiarize themselves with the case.

(b) Plaintiff intends to move for a default judgment as soon as the rules allow. This motion, when filed, should be acted on before there is any further action in this case.

2. Facts.

(a) Plaintiff accepts, as a concise, but not entirely complete, statement of facts, that given by the Arbitrator, included in Defendant's Memorandum in support of their Motion to Dismiss, Attachment 2 to Document 12.  Plaintiff, as required by case law, also accepts

all findings by the arbitrator, whether explicit or inferred.

(b) Plaintiff accepts facts derived from transcripts of the hearings before the President of the College, August 2002, and from the arbitration hearings held between 2003 and 2005, and as exhibits those entered in these hearings. These hearings were under oath and included opportunity for cross examination by counsel for all parties.

(c) Additional facts are required to further refine, clarify and extend the issues beyond those covered in (a) and (b) above. These necessitate the use of witnesses to testify at trial. Plaintiff does not believe existing testimony is sufficient.

(d) Contrary to the statement by defendant's counsel that there are no contested issues of fact (Document 38), several remain. For example, it is doubtful that defendants accept the fact, implicit in the Arbitrator's findings, that Norman was not impartial; that defendant's procedures were uniquely designed to build a case against plaintiff, also implicit in the Arbitrator's findings; that plaintiff was not accorded procedural due process, also implicit in the Arbitrator's findings; and that the marked asymmetry of Norman's rulings, in the hearings over which he presided, lead, as a matter of law, to a finding of a violation of plaintiff's civil rights.

(e) There are no admissions or stipulations, as far as I am aware. There are no jurisdictional questions.

3. <u>Discovery.</u>

(a) Defendants have provided none of the requested documents and almost no information in response to plaintiff's interrogatories. The sole information provided by defendants is the equivalent of name, rank and serial number, and vague, evasive statements providing little or no information. They have, in fact, not even provided

information which they asked for in their interrogatory to plaintiff, which was worded identically to that of plaintiff's interrogatories. Defendant's refusal to provide any real information at all is based on objections of relevance, overbroad, burdensome, oppressive, and similar reasons. This specious reasoning leaves plaintiff with the following options: ask the Court to compel the provision of the requested information; extend the period of discovery so that plaintiff can obtain the information by other means; or lengthen the trial significantly by putting defendants on the stand and asking them to answer the questions in the interrogatories. We would prefer to keep the trial time as short as possible, but cannot sacrifice plaintiff's right to make his case by agreeing to defendant's withholding of any information at all.

4. <u>Issues of law.</u>

A partial discussion of the issues of law can be found in (a) Plaintiff's opposition to defendants' motion to dismiss; (b) Plaintiff's memorandum in support of motion for summary judgment; (c) in the motion to disqualify defendants' counsel; and (d) in the forthcoming motion for defendants' default. All of these documents are or will be records in the present case.

5. <u>Amendments.</u>

Plaintiff will move to amend the complaint to clarify that the only plaintiff in this case is Dr. Bruce Jackson, and the only defendants are those listed in the caption above.

6. <u>Probable length of trial.</u>

This is difficult to estimate at this time because of the withholding of all information requested in interrogatories to defendants, and the lack of provision by defendants of any of the documents asked for by plaintiff.

7. Plaintiff expects that defendants will be available for examination at trial.

8. Plaintiff is prepared to provide the Court with briefs on any issue of law that the Court desires.

                                        Respectfully submitted,
                                        Bruce Jackson

                                        By his attorney,

                                        /s/ Sam Silverman
                                        Sam Silverman, BBO No. 462930
                                        18 Ingleside Road
                                        Lexington, MA  02420-2522
                                        (781) 861-0368
                                        Smpr111@verizon.net

Dated: 11 December 2006