UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11429 RWZ

BRUCE JACKSON

  V.

LINDSAY NORMAN, Individually and in his former capacity as President of Massachusetts Bay Community College; PAULA GASTENVELD, Individually and in her former capacity as Vice-President of Massachusetts Bay Community College; GHAZI DARKAZALLI, Individually and in his capacity as Dean at Massachusetts Bay Community College; THOMAS SABBAGH, Individually and in his former capacity as Associate Dean at Massachusetts Bay Community College; LAURIE TAYLOR, Individually and in her capacity as Vice-President of Massachusetts Bay Community College

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1. Case law states emphatically that when an answer to a complaint is late-filed, then all defenses therein are deemed waived, defendants are in default, and judgment for plaintiff is required. As detailed below defendants are and have been in default for some time.

2. On 8 December 2006 defendant's attorney filed a document (No. 38) simply captioned "Answer." No reference to any Rule or prior document was given.

3. This "Answer" clearly refers back to Rule 12(a)(1)(B), which states, in pertinent part:

> (1) Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer
>
>   (B) if service of the summons has been timely waived on request under Rule 4(d), within 60 days after the date when the request for waiver was sent, or within 90 days after that date if the defendant was addressed outside any judicial district of the United States.

4. Waivers of service were received by Sam Silverman from Paula Gastenveld, dated 19 July 2005, and from Thomas Sabbagh, dated 29 July 2005. Waiver of service was

received by attorneys for defendants from Laurie Taylor, dated 20 July 2005, from Lindsay Norman dated 23 July 2005, and from Ghazi Darkazalli dated 1 August 2005.

5. The Court's notices of filings of waivers by attorneys for defendants were accompanied by notices that an answer was due at the latest by 30 September 2005.

6. Defendants filed a motion for extension of time to 7 October 2005 which was allowed by the Court.

7. A motion to dismiss was filed on 5 October 2005. This motion included extraneous materials, and could therefore be seen as actually being a motion for summary judgment. Time periods under F.R.Civ.Proc. 12 can be altered by service of a motion to dismiss, but not by a motion for summary judgment.

8. The Court allowed the motion to dismiss in part, and denied the motion in part on 19 June 2006..

9. F.R.Civ.Proc. 12(a)(4)(a) states:

> (4) Unless a different time is fixed by court order, the service of a motion permitted under this rule alters the periods of time as follows:
>
> (A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action.

10. Defendants purported answer, filed 8 December 2006 is more than five months later than the required due dates for an answer, as required by the Rule, and was filed more than a week after the date ordered by the Court for discovery to be complete.

11.  Further, if the motion to dismiss was, *de facto*, a motion for summary judgment, then the filing of the answer was some fourteen months late.

12. Defendants did not act in any way to obtain Court sanction for a late answer, as required by the Rules.  Defendants are thus in default.

Wherefore, Plaintiff hereby moves this Honorable Court to declare defendants, pursuant to F.R.Civ.Proc. 55,  in default, and to enter judgment for plaintiff accordingly. Plaintiff requests a hearing to be set on damages following the default judgment.

Dated:   18 December 2006

        /s/ *Sam Silverman*_____

        SAM SILVERMAN, BBO No. 462930
        18 Ingleside Road
        Lexington, Massachusetts 02420
        (781) 861-0368
        Smpr111@verizon.net
        Attorney for Dr. Jackson,  Plaintiff

### LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1 I emailed  an earlier draft of the proposed motion to defendants attorneys on 11 December 2006.  Attorney Parsi replied almost immediately that  default for failure to answer could not be obtained once the answer had been filed. Plaintiff's intention to file for default was also noted at the pre-trial conference on 13 December 2006.

         /s/ Sam Silverman_____
        Sam Silverman, BBO No. 462930
         18 Ingleside Road
         Lexington, Massachusetts 02420
          (781) 861-0368
          Smpr111@verizon.net
          Attorney for Plaintiff