UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11429 RWZ

BRUCE JACKSON

V.

LINDSAY NORMAN, Individually and in his former capacity as President of Massachusetts Bay Community College; PAULA GASTENVELD, Individually and in her former capacity as Vice-President of Massachusetts Bay Community College; GHAZI DARKAZALLI, Individually and in his capacity as Dean at Massachusetts Bay Community College; THOMAS SABBAGH, Individually and in his former capacity as Associate Dean at Massachusetts Bay Community College; LAURIE TAYLOR, Individually and in her capacity as Vice-President of Massachusetts Bay Community College

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT

JUDGMENT

OVERVIEW

1. Plaintiff is aware of the need to move the case along, and to avoid motions other than those which deal with the merits of the primary focus of the case. This motion is nevertheless brought because, if it prevails, it may appreciably shorten the proceedings. Plaintiff will nevertheless continue preparation of a motion for summary judgment.

2. Two independent routes demonstrate that defendants were in default in presenting their "Answer" to the complaint.

(a) The first involves the rule that if a motion to dismiss is denied, the defendant has ten days after notice to file an answer. This did not occur in the present case. The answer was filed several months after the default became effective, and was, furthermore, filed after the court-ordered time for discovery had expired, and without any action to remove the

default.

(b) The second develops from the factual situation in which extraneous material was included in the motion to dismiss, thus converting the motion into a motion for summary judgment. This would be true even if the judge, in acting on the motion, did not use the extraneous material in making a decision, without explicitly excluding the extraneous material. While a motion to dismiss alters the time period for an answer, a motion for summary judgment has no effect on that time period. In the present case the effect was to make a default effective 60 days after filing of the complaint. The putative "Answer," filed some fourteen months after the time required by the rules, and without the sanction of the court, is of no effect.

3. Where a Rule spells out the requirements the burden is on the defendants to act in accordance with these requirements.  No such showing has been made by defendants in the instant case.

4. Consequently, a default judgment is warranted.

## FACTS

1.  The facts are as given in the motion.

## ARGUMENT

2. FILING DEADLINES MUST BE ADHERED TO.

Time-limited filing is necessary for the maintenance of a stable system. As stated in *United States v. Locke*, 471 U.S. 84; 105 S. Ct. 1785; 85 L. Ed. 2d 64 (1985):

> The notion that a filing deadline can be complied with by filing sometime after
> the deadline falls due is, to say the  least, a surprising notion, and
> it is a notion without limiting principle. If 1-day late filings are acceptable,
> 10-day late filings might be equally acceptable, and so on in a cascade of
> exceptions that would engulf the rule erected by the filing deadline; yet
> regardless of where the cutoff line is set, some individuals will always fall

> just on the other side of it. Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced. [*Id.,* at 100-101]

A document is filed when "when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. … And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, **531 U.S. 4;** 121 S. Ct. 361; 148 L. Ed. 2d 213 (2000) (citations omitted).

3. FILING OF AN ANSWER TO THE COMPLAINT, AFTER AN ALLOWED EXTENSION AND DENIAL OF A MOTION TO DISMISS, WAS IN DEFAULT, AT THE LATEST, ON AND AFTER 30 JUNE 2006, WHILE THE PURPORTED ANSWER WAS FILED ON 8 DECEMBER 2006, MANY MONTHS LATER, AND AFTER THE COURT-ORDERED DEADLINE FOR DISCOVERY HAD PASSED. F.R.Civ.Proc. 12(a)(1)(B) specifies that an answer to the complaint must be made, if service is waived, within 60 days of acknowledgment. "The avowed purpose of Rule 12 is to require a defendant to plead all of his available defenses at the risk of waiving them." *Moore v. Dunham*, **240 F.2d 198** (10th Cir. 1956). While the time limit to an answer varies in the instant case, defendants having submitted their waivers at differing times, the latest initially allowable date for an answer was 30 September 2005.

4. Defendants moved to obtain an extension of time to 7 October 2005. This motion was allowed by the Court on 2 September 2005, with the effect of altering the time at which the answer was due to 7 October 2005.

5. (a) Defendants then filed a motion, labeled as a motion to dismiss based on F.R.Civ.Proc. 12(b)(6), on 5 October 2005. Such a motion, permitted under this rule, again tolls the time for providing an answer, F.R.Civ.Proc. 12(a)(4). Denial, in part, of the motion to dismiss was filed on 19 June 2006

(b) A motion for summary judgment, however, does not come under the rubric of this rule, and thus does not toll the time required for an answer to be filed.

6. A default under the circumstances of the instant case can occur in the following two completely independent situations:

    (a) If a motion to dismiss, based on F.R.Civ.Proc. 12(b)(6), is denied, then the proponent has ten days to file an answer. F.R.Civ.Proc. 12(a)(4)(A). Here the Court denied the motion, as to the suit against defendants in their individual capacities, on 19 June 2006, so that an answer was required to be filed on or before 29 June 2006. No answer was filed in this time period, and default was thus effective on 30 June 2006 and thereafter. The answer was filed on 8 December 2006, some five months after the default was effective.

    (b) If the motion to dismiss includes extraneous material, then F.R.Civ.Proc. 12(b) states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, …

In the instant case, extraneous material included, *inter alia*, two attachments, a copy of the Collective Bargaining Agreement and of an arbitrator's report. Both are extraneous, so that the motion is, in fact, one for summary judgment. See *Milwaukee Typographical*

*Union v. Newspapers, Inc.* 639 F.2d 386 (7th Cir.1981) (Collective bargaining agreement and arbitration award, among other exhibits, "constitute matters outside the pleadings sufficient to convert a 12(b)(6) motion into a motion for summary judgment."). In the absence of a statement by the Court that the extraneous matters have been excluded, even if does not act on the basis of those matters, we are justified in concluding that we are dealing with a motion for summary judgment, rather than a motion to dismiss. As a motion for summary judgment the motion does not toll the time within which an answer is required, and the "Answer" is thus some fourteen months following the default becoming effective.

7. *Ricke v. Armco, Inc.*, 158 F.R.D. 149 (D. Minn. 1994) is instructive with regard to the latter situation. The court after noting defendant's inclusion of numerous exhibits extraneous to the pleadings, states:

> As a result, it is patently obvious that Armco's motion is a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For these reasons, the Court has no hesitancy in concluding that Armco has labeled its Motion for Summary Judgment a "Motion to Dismiss" simply to avoid filing an answer. Such an attempt to manipulate the Federal Rules of Civil Procedure should not be condoned or encouraged by the Court. [at 150]

While we refuse, in the present case, to speculate on or impute such motives to defendants we believe that the principle which requires that a motion to dismiss containing extraneous material should be treated as a motion for summary judgment, is sound. The principle of recognizing the factual situation, that is, that defendant's motion to dismiss really constitutes a motion for summary judgment is sound. Whether or not the judge used the extraneous material in making her decision is irrelevant in deciding the nature of the motion.

8. DEFENDANTS HAVE GAINED AN ADVANTAGE, AND PLAINTIFF HAS EXPENDED, AND WILL NEED TO EXPEND ADDITIONAL, RESOURCES AS A RESULT OF DEFENDANTS PUTATIVE ANSWER.

What is undeniable, however, is that defendants have gained an advantage by the timing of their "Answer" – having at least several months to file their answer, they chose to file it at a time when discovery was complete. The loss of time and energy which could have been spent on the enumerated defenses, had they been revealed in time, has wasted the resources of the plaintiff. Any curative measure at this point entails the expenditure of more of the plaintiff's resources, and never really makes up for the lost time and spent resources.  "[I]t seems obvious that a litigant should not be permitted to gain an advantage from a sanctionable filing." *Resolution Trust Corp. v. Ruggiero*, **994 F.2d 1221** (7th Cir. 1993), at 1227.

9. NO BASIS JUSTIFYING LATE FILING IS PRESENTED BY DEFENDANTS, THEREFORE THE DEFAULT MUST STAND.

A default is not removed by simply filing an "Answer" at some time after the default has become effective.  Defendants failure to act in any way to remove the default, as in this case, leaves the "Answer" with no force whatsoever. The burden here is on the Defendant, and not on either the Plaintiff or the Court to act as counsel for Defendants. WHEREFORE, Plaintiff prays this Honorable Court to find Defendants in default, thus waiving their defenses, with the consequence of judgment for Plaintiff.


Dated:  18 December 2006

                                           /s/ *Sam Silverman*
                                           SAM SILVERMAN, BBO No. 462930

        18 Ingleside Road  
        Lexington, Massachusetts 02420  
        (781) 861-0368  
        smpr111@verizon.net