UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

**BRUCE JACKSON**,
               Plaintiff,

v.

**LINDSAY NORMAN**, Individually and in His former capacity as President of Massachusetts Bay Community College,
**PAULA GASTEN VELD**, Individually and In her former capacity as Vice-President of Massachusetts Bay Community College,
**GHAZI DARKAZALLI**, Individually and In His capacity as Dean at Massachusetts Bay Community College,
**THOMAS SABBAGH**,
**LAURIE TAYLOR**, Individually and in he Capacity as Vice-President of Massachusetts Bay Community College
               Defendants.

C.A. NO. 05-11429-RWZ

---

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT AND MOTION TO ALLOW A LATE
ANSWER NUNC PRO TUNC AND MEMORANDUM OF LAW**

The defendants oppose plaintiff's motion for default motion and respectfully ask this court to allow a late answer nunc pro tunc for the following reasons further explained below:

    1.    Since, due to the absence of the pertinent entry in the office's case management system, undersigned counsel missed the deadline to file an answer and filed it upon discovering the error, there was excusable neglect;

    2.    There are meritorious defenses to this action;

3.      Since he answer does not present any matters not raised in the timely motion to dismiss, there is no harm to the plaintiff's interests;

4.      The defendants have appeared in this action for purposes of F.R.Civ.P. 55: They have vigorously defended their position by filing or opposing multiple motions, participating in court conferences, engaging in multiple communications with plaintiff's counsel, and propounding discovery requests and deposing the plaintiff.  The plaintiff propounded discovery only after receiving reminders from defendants' counsel, and provided several incomplete and/or evasive answers to discovery requests, and

5.      Plaintiff did not move for default until after the answer was filed, has not complied with pertinent requirements including those to confer and prepare a joint pretrial motion, and filed an incomplete pretrial memorandum late.

## SUMMARY OF PERTINENT BACKGROUND

In this second civil rights suit against then president Lindsay Norman[1] (Norman) and the first against four officers of the Massachusetts Bay Community College (MBCC), Bruce Jackson (Jackson) claims violation of due process during a termination hearing.  Norman chaired the hearing as required by the controlling collective bargaining agreement (CBA) purportedly deprived Jackson of an impartial decision maker.   As to the remaining defendants, they purportedly colluded and cooperated with Norman to set Jackson up and carry out acts to justify Jackson's termination.  There is no dispute that the process

---

[1] The first action involved similar allegations concerning the termination process yet was premature.  Jackson v. Norman, 91 Fed.Appx.696, 697 (1st Cir. 2003).

culminated in reinstatement following an arbitrator's finding of lack of just cause[2]. He does not argue that he did not have post-deprivation remedies.

The defendants have actively defended their position in this action. Motion practice has been active. The defendants' defense includes a motion to enlarge time to file a motion to dismiss, their motion to dismiss, a motion to strike plaintiff's premature summary judgment motion, an opposition to the motion to amend the complaint, and an opposition to a motion to disqualify defendants' counsel. This court allowed the motion to dismiss in part, and denied Jackson's motion for summary judgment without prejudice, motion to amend the complaint, and the ensuing motion for reconsideration. The court allowed Jackson's motion to continue the pretrial conference that the defendants opposed solely to the extent that it presented baseless allegations. The latter opposition and exhibits show several discussions with Jackson's counsel involving his failure to adhere to pertinent rules or to file discovery requests to the date of the communication.

During the July 26, 2006 telephone scheduling conference, and as summarized in the Electronic Clerk's Notes of the same date, the Court set December 6, 2006 as the date for the pretrial conference. Despite ample notice, pertinent rules, and several reminders from defendants' counsel, Jackson failed to confer with the defendants, participate in drafting a joint pretrial memorandum, or otherwise adhere to the pertinent rules. As required by those rules, defendants filed their pretrial memorandum five days before the pretrial conference. They only did so after one last reminder to Jackson's counsel on the same date. Jackson's

---

[2] The arbitrator essentially found that the MBCC should have warned Jackson that failing to teach/supervise his classroom and/or laboratory sessions could lead to his termination. A copy of this decision is attached to the defendants' motion to dismiss and mentioned in Jackson's opposition to that motion. In that brief, Jackson offers the baseless argument that the arbitrator's conclusion shows a due process violation. Yet there is no authority for the proposition that an educational institution must give notice to a professor that failing to be present during class and/or laboratory experiments may cost him his job.

3

failure to respond prompted the unilateral pretrial memorandum. Jackson filed his incomplete and non-compliant pretrial memorandum three days before the pretrial conference continued upon his request.

Defendants propounded interrogatories and requests for documents, and deposed Jackson on November 21, 2006. Jackson did not depose any defendant, and provided multiple incomplete and/or evasive responses to the defendants' discovery requests.

On or about early Fall 2006, filed a complaint at the Board of Bar Overseers against counsel for MBCC and a Board of Higher Education attorney involved in the process as required by the CBA and pertinent law.

The defendants, through undersigned counsel, filed their answer on December 7, 2006. The answer not set forth any defenses that were not previously asserted in the motion to dismiss filed by co-counsel. Jackson did not notice that there was no answer until after it was filed. Undersigned counsel missed the deadline under the mistaken belief that there would be an entry in the office's electronic case management system reminding counsel to file the answer. Upon preparing for the pretrial memorandum and discovering the error, the defendants immediately filed their answer.

## ARGUMENT

### THE PARTIES' CONDUCT IN THIS CASE MILITATES AGAINST DEFAULT JUDGMENT AND FOR ALLOWANCE OF A LATE ANSWER

A default judgment is … "a drastic sanction that should be employed only in an extreme situation". Luis C. Forteza e Hijos, Inc. Mills, 534 2d 415, 419 (1st Cir. 1976), citing Flasked v. Little River marine Construction Co., 389 F.2d 855 (5th Cir.), cert denied 329 U.S. 928. Jackson cannot adduce any extreme situation in this case. Grant or denial of a motion for entry of default judgment is within the broad discretion of the trial court. "The essential reason for the traditional reluctance of the courts to default the parties is the policy of the

4

law favoring disposition of cases on their merits." Affanato v. Merrill Brothers, 547 F.2d 1389, 140 (1st Cir. 1977), citing Richman v. Gen. Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971). In determining whether a default is appropriate, courts also consider the time and energies of our courts and the right of would-be litigants awaiting their turns to have other matters resolved. Id. (citations omitted).

**ACTIVE AND MERITORIOUS DEFENSE**

A party has appeared in an action for Rule 55 purposes where it indicates "a clear purpose to defend the suit." Muniz v. Vidal, 739 F.2d 699, 700 (1st Cir. 1984), quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d (D.C. Cir. 1970) (informal contacts with opposing party showed clear intent to defend).

Jackson cannot dispute that the defendants have appeared and actively defended this case by engaging in active motion practice, timely discovery, and otherwise adhering to all pertinent rules and deadlines. As further described below, the defendants have meritorious defenses that militate against default. See Sire v. Berman, 834 F.2d 9 (1st Cir. 1987) (no abuse of discretion in lifting default judgments for defendants answering three years later where court found other defendants entitled to summary judgment and plaintiffs' claims lacked merit); Muniz v. Vidal, 739 F.2d 699 (1st Cir. 1984) (without condoning failure to respond, court followed pre-existing authority to find that although defendants never filed formal responsive pleading, there were sufficient manifestations during unsuccessful settlement negotiations to show intent to defend to warrant conclusion that defendants had appeared, requiring Fed.R.Civ.P. 55(b) notice)

Further, even in cases where default has entered, in the context of a Rule 55(c) motions, the First Circuit has repeatedly enunciated that "delay in and of itself does not

5

constitute prejudice. "The issue is no mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion.'" KPS & Associates, Inc. v. Designs by FMC, Inc., 318 F.3d 1 (1st Cir. 2003), citing FDIC v. Francisco Inv. Corp., 873 F.2s 474, 479 (1st Cir. 1998).   No such dangers are present here.

### **The Meritorious Defenses**

Jackson insists that because Norman presided over the first hearing of a multi-part process mandated by the CBA, there was a violation of Due Process rights.  The purported basis is that Norman was not an impartial decision maker.  Yet there are meritorious defenses in this action.  Jackson cannot provide the requisite proof of partiality, but merely show that Norman made the decision to terminate subject of the hearing.  See Brasslett v. Cota, 76 1F.2d 827, 837 (1st Cir. 1985).  Plaintiff cannot overcome the obstacle that the CBA provided that only the president could chair the contested hearing, or that he admittedly availed himself of several subsequent pre-termination and post-termination proceedings.  That following an arbitrator's findings, Jackson was reinstated as a MBCC professor also shows the baseless nature of the remaining claims in this action.

Jackson can thus not avoid that the Due Process clause "does not require every procedural protection that may help; it simply requires that a private person have a basically fair opportunity to convince the decision maker by presenting proofs and arguments and replies to arguments of others." Newman v. Burgin, 930 F.2d 955, 961 (1st Cir. 1991). Further, Jackson had ample pre and post-deprivation remedies that protected his Due Process rights. E.g. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 546 (1985).

Denying the motion for default and allowing a late answer will not prejudice Jackson. The filing of the complaint does not in any way affect Jackson's posture in this action. It does not delay the proceedings, extend deadlines to file motions for summary judgment, nor present defenses or factual issues not previously set forth in the motion to dismiss or the pretrial memorandum.

**EXCUSABLE NEGLECT**

"The [United States] Supreme Court … signaled a substantial degree of elasticity in the definition of 'excusable neglect'" by holding that courts look at all relevant circumstances, such as the degree of prejudice to the adverse party, the potential impact on the judicial proceedings, and the reasons for the delay. Pioneer Inv. Servs. Co. v. Brunswick Assocs, Ltd. P'ship, 507 U.S. 380 (1993). The First Circuit interprets Pioneer more broadly as applying to other circumstances in which a party who missed a deadline asserts excusable neglect. See Pratt v. Philbrook, 109 F.3d 18, 19-20 (1st Cir. 1997). Factors to consider in the equitable determination of all relevant circumstances surrounding the party's omission include "'the danger of prejudice to an [adverse party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pratt, 109 F.3d at 19, citing Pioneer, 507 U.S. at 395.

This standard suggests that the relevant circumstances include the adverse party's diligence and good faith. It is thus pertinent that Jackson did not file a motion for default judgment until after the defendants filed their answer. He also propounded discovery only after reminders from defense counsel. Further, despite knowledge since July 26, 2006, and various reminders from defense counsel, Jackson failed to comply with the requirements of

7

conferring and preparing a joint pretrial memorandum. His incomplete and/or evasive responses to discovery requests are also relevant to this analysis.

Jackson has also expended the court and the defendants' resources in filing spurious motions. For instance, Jackson unsuccessfully sought to remove defendants' attorneys, suggesting his interest in forcing the defendants to expend personal resources to defend his meritless claims. The basis for his motion was, at best, a misapprehension of the powers and obligations of the Massachusetts Attorney General's Office and of standing to raise the baseless motion. That Jackson filed BBO complaints against college counsel who represents the MBCC in administrative and arbitration proceedings, and against the Massachusetts Board of Higher Education attorney involved in the process as required by the CBAS and pertinent law also suggests, at best, lack of objective good faith. Jackson thus does not ask for a default in the absence of several missteps.

## **CONCLUSION**

For the reasons stated above, this Court should deny the default motion and allow the late answer.

1

        Respectfully Submitted,
        DEFENDANTS

        By their attorneys,
        THOMAS F. REILLY
        ATTORNEY GENERAL


        _____/s/  Maite A. Parsi____.
        Maite A. Parsi, BBO #555009
        Teresa Walsh, BBO# 550047
        Assistant Attorneys General
        Office of The Attorney General
        Government Bureau/Trial Division
        One Ashburton Place, Room 1813
        Boston, MA 02108
        (617) 727-2200 x2572 (Parsi)
        (617 727-2200 x2578 (Walsh)
        maite.parsi@ago.state.ma.us
        teresa.walsh@ago.state.ma.us

Dated:  December 29, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party, listed below, on this date via electronic means.

        _____/s/ Maite A. Parsi
        Maite A. Parsi

Dated:  December 29, 2006

9