UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRUCE JACKSON                                   CIVIL ACTION
     V.                                         NO. 1:05-cv-11429

LINDSAY NORMAN,
Individually and in his former capacity as President of
Massachusetts Bay Community College

PAULA GASTENVELD, Individually and in her former
capacity as Vice-President of Massachusetts Bay Community College

GHAZI DARKAZALLI, Individually and in his
capacity as Dean at Massachusetts Bay Community College

THOMAS SABBAGH, Individually and in his former
capacity as Associate Dean at Massachusetts Bay Community College

LAURIE TAYLOR, Individually and in her
capacity as Vice-President of Massachusetts Bay Community College

MOTION FOR SUMMARY JUDGMENT

1  In a motion for summary judgment, *Barbour v. Dynamics Research Corp.*, 63 F.3d 32,

36 (1st Cir. 1995):

> [The Court must] view the facts in the light most favorable to the non-moving
> party, drawing all reasonable inferences in that party's favor. *Woods v. Friction
> Materials, Inc.,* 30 F.3d 255, 259 (1st Cir. 1994). Summary judgment is
> appropriate when "the pleadings, depositions, answers to interrogatories, and
> admissions on file, together with the affidavits, if any, show that there is no
> genuine issue as to any material fact and that the moving party is entitled to
> judgment as a matter of law." Fed. R. Civ. P. 56(c).

2. The two essential elements of a § 1983 action are: "(1) whether the conduct

complained of was committed by a person acting under color of state law; and (2)

whether this conduct deprived a person of rights, privileges, or immunities secured by the

Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527; 101 S. Ct.

1908; 68 L. Ed. 2d 420 (1981). State employees act under color of state law when the conduct occurs in the course of performing an actual or apparent duty of his office.

3. There is no dispute that the conduct complained of was committed by persons acting under color of state law, so that the first prong is satisfied.

4. Fuller discussions of and the evidence for the following are given in the accompanying Memorandum in support of Plaintiff's Motion for Summary Judgment, which is hereby incorporated by reference. A motion to enlarge the number of pages in this memorandum, filed on 5 February 2007, is currently before the Court. Defendants stated by email on 2 February 2007 that they will not oppose this motion, and reiterated their lack of opposition in a telephone conversation on 8 February 2007.

4. Dr. Jackson was deprived of his constitutional rights to an impartial arbiter; to equal protection; and of his right to the procedural due process right of notice, as guaranteed by both the Federal and State Constitutions, and possibly of a due process right to symmetrical evidentiary rulings. The evidence for these violations rests on the findings of fact given in the Arbitrator's Award, and in evidence derived from sworn testimony, with opportunity for cross-examination, given in the arbitration hearings and in hearings chaired by President Norman, one of the Defendants, who also was the decision maker in the decision to dismiss Dr. Jackson. The second prong of a § 1983 complaint is thereby satisfied.

WHEREFORE,

1. Plaintiff respectfully requests this Honorable Court to find that Dr. Jackson's civil rights under 42 U.S.C. §§ 1983 were violated; and that

2. Defendants were individually liable for these violations and their consequences; and

that

3. This Court hold a hearing, or otherwise proceed, in a manner to determine what is needed to make Plaintiff whole, to include damages allowable under 42 U.S.C. § 1988 and not otherwise provided for by the Arbitrator's Award, see *Barnes v. Gorman*, 536 U.S. 181, 189; 122 S. Ct. 2097; 153 L. Ed. 2d 230 (2002).

## REQUEST FOR ORAL ARGUMENT

4. Plaintiff also requests a hearing on this motion.

Dated:  12 February 2007

                                  /s/ *Sam Silverman*_____

                                  SAM SILVERMAN, BBO No. 462930
                                  18 Ingleside Road
                                  Lexington, Massachusetts 02420-2522
                                  (781) 861-0368
                                  smpr111@verizon.net
                                  Attorney for Dr. Jackson,  Plaintiff

## LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1 I emailed  a draft of the proposed motion to defendants attorneys on 28 January 2007.  There was no narrowing or resolution of the issues.

                                  /s/ Sam Silverman_____
                                  Sam Silverman, BBO No. 462930
                                  18 Ingleside Road
                                  Lexington, Massachusetts 02420
                                  (781) 861-0368
                                  [smpr111@verizon.net](mailto:smpr111@verizon.net)
                                  Attorney for Plaintiff