UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11429 RWZ

BRUCE JACKSON     V.

LINDSAY NORMAN, Individually and in his former capacity as President of Massachusetts Bay Community College; PAULA GASTENVELD, Individually and in her former capacity as Vice-President of Massachusetts Bay Community College; GHAZI DARKAZALLI, Individually and in his capacity as Dean at Massachusetts Bay Community College; THOMAS SABBAGH, Individually and in his former capacity as Associate Dean at Massachusetts Bay Community College; LAURIE TAYLOR, Individually and in her capacity as Vice-President of Massachusetts Bay Community College

PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1. Replies will follow the sequential order of Defendants' memorandum.

2. Defendants' II. Procedural Posture. Defendants (at 2) state Local Rule 56.1 as requiring "material *undisputed* facts" [emphasis added] captioned as such, as grounds for a denial of Plaintiff's motion for summary judgment. Defendants have re-written the rule, which, indisputably, requires "a concise statement of the material facts … " Plaintiff's sections, captioned "Factual Background" satisfies the Rule.

3. Defendants' III. Undisputed Facts. (at 2- 5) Plaintiff accepts the facts as presented in that section to the extent that they do not conflict with the facts presented in Plaintiff's Memorandum accompanying his motion for summary judgment (hereinafter "Plaintiff's Memorandum). Plaintiff rejects, however, paragraph 12, since the dispute over back pay is still in process of settlement at the time of this writing.

4. Defendants IV.B.1. Defendants state (at 5) that "arbitration awards are not entitled to the precedential effect accorded to judicial decisions," citing *El Dorado*, 961 F.2d 317,

322 (1ˢᵗ Cir. 1992). (a) This completely misrepresents the analysis in that case. *El Dorado*, at 319, states: "Put succinctly, then, a court should uphold an award that depends on an arbitrator's interpretation of a collective bargaining agreement if it can find, within the four corners of the agreement, any plausible basis for that interpretation." (b) But we are not talking about an award, but of the factual findings of an arbitrator. Here *El Dorado*, at 320, states: "as a general proposition, an arbitrator's factual findings are not open to judicial challenge." (c) Defendants also misrepresent the analysis in *Courier Citizen*, 702 F.2d 273, 280 (1ˢᵗ Cir. 1983). What the Court actually said was: "Courts have generally refused to rule on the precedential effect of an arbitration award on future awards, taking the position that the question is properly resolved through arbitration," quite different from Defendants' version. (d) See also cases cited in Plaintiff's Memorandum, at 1-2.

5. Defendants' opposition at (at 6-8). Defendants miss the point. All cases have factual differences. The point here is that *Cotnoir* instructs that notice must include the consequences of the behavior. The full discussion in Plaintiff's Memorandum (at 25f), need not be repeated here Additional case law is given in Plaintiff's Opposition to Defendants motion for summary judgment (hereinafter "Plaintiff's Opposition") (at 4). Also, we note the Arbitrator's findings that there was no notice (AA, at 40), and that the decision to dismiss Jackson was arbitrary and unreasonable (AA, at 43).

6. Defendants (at 7 n. 17), cite *Licari*. *Licari* is a permitting case by a developer, where there are many adequate procedures by state law and regulations. It is not applicable here where the issue is notice, never discussed in *Licari*..

7. Defendants' IV.B.2 (at 8-13). Defendants argue that Norman was a "sufficiently"

impartial adjudicator. The full discussion of the constitutional imperative of impartiality given in Plaintiff's Memorandum, and in Plaintiff's Opposition need not be repeated here. Defendants' erroneously imply that the Court in *Jessup* (1985) rejected the "bursting bubble" approach to presumptions. Judge (now Justice) Breyer, in his opinion (at 382f), notes that the "bursting bubble" is the most widely followed theory of presumptions in American law.  He notes, however, a modification where, as in that case, one of detention of a drug offender with a high risk of flight, there is specific Congressional intent to impose a greater burden. The presumption there becomes one factor to weigh against the contrary evidence. In the instant civil case, there is no risk of flight justifying the middle ground. Defendants also conveniently ignore the citation of the later case *Bank One*, 964 F.2d 48, 51 n.2 (1st Cir. 1992) in Plaintiff's Memorandum, at 11, that the presumption disappears entirely once rebutted. Even, assuming *arguendo* that the "bursting bubble" does not apply, there is overwhelming evidence of Norman's lack of impartiality, see Plaintiff's Memorandum, at 8-9. There is also the arbitrator's finding that Norman did not have an open mind (AA, at 42), establishing a lack of impartiality.

8. Defendants' IV.C (at 13). Defendants argue that Plaintiff was not constitutionality entitled to a "wholly" impartial decisionmaker, basing this on *Acosta-Sepulveda*, 889 F.2d 9, 12 (1st Cir. 1989). A full discussion of this is given in Plaintiff's Opposition (at 7). We add here only the observation that *Feliciano*, 858 F.2d 40 (1st Cir. 1988) provides no support to their argument, since there the proposition  is that an employer can also conduct the hearing, but says nothing about the requirement that the employer so doing must be impartial.

9. Defendants' IV.D (at 13-17). Defendants argue that equal protection is not violated by not using the student grievance procedure. They miss the point. Equal protection was violated because the undocumented, ad hoc, procedure they used was not used against any other faculty member in similar circumstances, rather than the well documented College policy for dealing with student complaints. Plaintiff's Memorandum provides a full discussion and need not be repeated here. We note here, in addition, only two of the many points which could be argued. First, Defendants' citation of *Heller v. Doe*, 509 U.S. 312, 320 (1993) is inapposite since it deals with the constitutionality of a state statute, a completely different situation from that in the instant case. Secondly, Defendants re-write the history of the case by claiming that this was not a students issue, though the trigger was in fact student complaints, as Defendants themselves admit, Defendants' Opposition, Undisputed Fact No. 2, at 3. There is no question but that the College policy, that is, the Student Grievance Procedure, should have been used (Milstone, affidavit) rather than the undocumented ad-hoc policy, not used against any other tenured faculty member.

10. Defendants IV.E (at 18-20). Defendants argue entitlement to qualified immunity, not mentioned in Plaintiff's Memorandum, and not appropriate here. This is fully discussed in Plaintiff's Opposition to Defendants' Motion, and need not be further discussed here.

Dated: 18 March 2007

                                              /s/ *Sam Silverman*_____

                                              SAM SILVERMAN, BBO No. 462930
                                              18 Ingleside Road
                                              Lexington, Massachusetts 02420
                                              (781) 861-0368
                                              Smpr111@verizon.net
                                              Attorney for Dr. Jackson, Plaintiff