UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11429-RWZ

BRUCE A. JACKSON

v.

LINDSAY NORMAN, et al.

MEMORANDUM OF DECISION

August 21, 2007

**ZOBEL, D.J.**

**I.    Background**

Plaintiff Bruce A. Jackson ("Jackson"), began teaching microbiology and related courses at Massachusetts Bay Community College ("MBCC") in 1993; later he directed a biotechnology program and became a tenured professor.  In 2002, MBCC initiated an investigation in response to student complaints about plaintiff.  The result of such investigation was that defendant Lindsay D. Norman ("Norman"), then-MBCC president, informed plaintiff of his intention to terminate plaintiff's employment under the terms of the collective bargaining agreement (the "CBA").  In response, the Massachusetts Board of Higher Education (the "MBHE") and the Massachusetts Teacher Association held a meeting to consider other options, but Norman insisted on termination.  After a three-day hearing chaired by Norman (as required by the CBA), MBCC terminated plaintiff's employment.  Plaintiff appealed the decision to the MBHE, which affirmed his

dismissal.  Thereafter, plaintiff succeeded in an arbitration initiated on his behalf by the Massachusetts Community College Council (the "MCCC") under the terms of the CBA and, after a twenty-three day hearing, was reinstated and awarded back pay and benefits.[1]

Plaintiff filed the instant action against Norman and several other MBCC officers, namely, Paula Gastenveld and Laurie Taylor, both Vice Presidents of MBCC, Ghaza Darkazalli, Dean of MBCC, and Thomas Sabbagh, then-Associate Dean at MBCC (collectively, "MBCC defendants").[2]  He has alleged that the hearing chaired by Norman violated his Fifth Amendment due process rights in violation of 42 U.S.C. § 1983, as well as various rights under the Massachusetts state Constitution, Massachusetts Const. art. I, X and XXIX.[3]  (Docket # 1.)[4]

---

[1] The arbitrator concluded that "[t]he College did not have just cause to dismiss [Jackson]" and the "decision to dismiss Professor Jackson was ... arbitrary and unreasonable, but not capricious."  (Docket # 48, Exhibits to Defs.' Mem. in Supp. of Their Mot. for Summ. J., Arbitration Opinion & Award dated Sept. 12, 2005, Ex. A at 41).

[2] This is the second suit brought by plaintiff against defendant Norman.  Before the matter went to arbitration, plaintiff sued Norman on similar grounds.  Judge O'Toole dismissed the case with prejudice.  See Jackson v. Norman, 02-cv-11525-GAO, 2002 WL 31121090 (D. Mass. 2002).  The First Circuit Court of Appeals vacated the dismissal with prejudice and ordered that it be rendered without prejudice "to preserve the rights of the parties should the matter not be resolved [at arbitration]."  Jackson v. Norman, 91 Fed. Appx. 696, 697 (1st Cir. 2003).

[3] Article 1 (similar to the equal protection clause of the federal Constitution) provides that "All people are born free and equal and have certain natural, essential and unalienable rights; among which may be ... possessing and protecting property. Equality under the law shall not be denied or abridged because of sex, race, color, creed or national origin."  Article 10 (similar to the takings clause of the federal Constitution) provides, "no part of the property of any individual can, with justice, be taken from him, or applied to public uses, without his own consent, or that of the

On June 19, 2005, this court dismissed claims against defendants in their official capacities but allowed the claims against defendants in their individual capacities to proceed.  (Docket # 27.)  Both plaintiff and defendants now cross-move for summary judgment pursuant to Fed. R. Civ. P. 56.[5]  (Docket ## 47, 52.)

## II.   Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  To state a claim for violation of procedural due process under 42 U.S.C. § 1983, a plaintiff must demonstrate that "(1) [plaintiff] had a property interest defined by state law; and (2) defendants, acting under color of state law, deprived [him] of that interest without adequate process."  Licari v. Ferruzzi, 22 F.3d 344, 347 (1st Cir. 1994).  Here, there is no dispute that plaintiff had a property interest in his position and that the college is a state actor.  The sole issue, then, is what measure of process he was due.

"[T]he ultimate conclusion about procedural adequacy . . . turns on the full set of pre- and post-deprivation procedures available."  O'Connor v. Pierson, 426 F.3d 187, 197 (2d Cir. 2005).  It is well established that a tenured professor who faces the

---

representative body of the people."  Finally, Article 29 provides "[i]t is essential to the preservation of the rights of every individual, his life, liberty, property, and character, that there be an impartial interpretation of the laws, and administration of justice. It is the right of every citizen to be tried by judges as free, impartial and independent as the lot of humanity will admit."  See Massachusetts Const. art. I, X and XXIX.

[4] Plaintiff moved to amend the complaint (Docket # 15) to add an additional defendant and count, which motion was denied.  (Docket # 27.)

[5] Plaintiff filed an earlier motion for summary judgment (Docket # 17), which was denied without prejudice as premature.  (Docket # 27.)

3

possibility of dismissal is at least entitled to "[n]otice and an opportunity to be heard" prior to termination.  Newman v. Commonwealth of Massachusetts, 884 F.2d 19, 23 (1st Cir. 1989); see also Collins v. Marina-Martinez, 894 F.2d 474, 480 (1st Cir. 1990) ("[] a tenured employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story") (internal citations omitted).

The gravamen of plaintiff's complaint is that the process was inadequate because: (1) defendants failed to provide advance warning or progressive discipline prior to terminating plaintiff's employment; and (2) defendant Norman was not an impartial arbiter.  (Docket # 1.)  (See also Docket # 53-1, Pl.'s Mem. in Supp. of Mot. for Summ. J. at 12-14; 23-27.)  Plaintiff's arguments are unpersuasive.  First, plaintiff was provided with a formal statement of the charges against him, and he had the opportunity to present testimony and cross-examine witnesses.  He was given a written decision and afforded the opportunity to appeal.  He points to no case holding that the failure to provide advance warning or progressive discipline prior to termination, without more, violates constitutional due process.  Second, with respect to Norman's alleged lack of impartiality, the termination proceeding commenced after Norman received a recommendation of dismissal from defendants Darkazalli and Gastenveld.  (Docket # 48, Exhibits to Defs.' Mem. in Supp. of Their Mot. for Summ. J., Joint Letter from Darkazalli and Gastenveld to Norman dated May 23, 2002, Ex. D).  Moreover, plaintiff's dismissal was affirmed by a designee of Norman's successor, Judith Gill.

Moreover, plaintiff was afforded an adequate post-deprivation remedy, viz., the

CBA arbitration. Indeed, courts have routinely held that such post-deprivation procedures satisfy due process. See Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 102 (1st Cir. 2002) (affirming the district court's grant of summary judgment in favor of defendants, stating that "the full arbitration hearing afforded by the collective-bargaining agreement was more than sufficient to satisfy the requirement for a post-deprivation hearing" and concluding that plaintiff was therefore not denied due process). Thus, plaintiff cannot demonstrate that he was denied adequate process.

Nor can plaintiff establish a violation of his substantive due process rights. The college's dismissal of plaintiff without first providing progressive discipline does not shock the conscience, nor does its following the CBA's procedure by allowing Norman, as college president, to preside over the hearing.[6] See, e.g., Amsden v. Moran, 904 F.2d 748, 754 (1st Cir. 1990) ("[] before a constitutional infringement occurs, state action must in and of itself be egregiously unacceptable, outrageous, or conscience-shocking").[7]

Finally, plaintiff's state constitutional claims are without merit. He fails to state a claim for a violation of his equal protection rights (Article 1) on the basis of being a

---

[6] The CBA § 15.02(4) expressly provides that "[t]he president of the College shall conduct the hearing." (Docket # 48, Exhibits to Defs.' Mem. in Supp. of Their Mot. for Summ. J., Ex. E at 49.) Accordingly, Norman presided over the hearing.

[7] Because I find that there was no procedural or substantive due process violation, I need not address defendants' contention that they are entitled to qualified immunity. See Cotnoir v. Univ. of Maine, 35 F.3d 6, 10 (1st Cir. 1994) (government actors not subject to liability where "a reasonable official could have believed his actions were lawful in light of clearly established law and the information the official possessed at the time of his allegedly unlawful conduct ").

"class of one" because he cannot demonstrate that he was intentionally treated differently from others similarly situated. See Massachusetts Const. art. I; see also Buchanan v. Maine, 469 F.3d 158, 177-78 (1st Cir. 2006) ("[i]n general terms, a plaintiff not relying on 'typical' impermissible categories, such as race or religion, must show that he was intentionally treated differently from others similarly situated, that no rational basis exists for that difference in treatment, and that the different treatment was based on a malicious or bad faith intent to injure"). Plaintiff similarly fails to state a claim for the taking of property (Article 10) or "the impartiality and salary of state court judges" (Article 29). See Massachusetts Const. art. X and XXIX.

### III.    Conclusion

Accordingly, defendants' motion for summary judgment (Docket # 47) is ALLOWED. Plaintiff's motion for summary judgment (Docket # 52) is DENIED. Defendants' Motion to Strike Plaintiff's Affidavits (Docket # 57) is DENIED as moot. Judgment may be entered for the defendants.


|  August 21, 2007  |  /s/Rya W. Zobel  |
|---|---|
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |