Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 07-2382

BRUCE JACKSON,

Plaintiff, Appellant,

v.

LINDSAY NORMAN, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Lynch, Circuit Judge,
Selya, Senior Circuit Judge,
and Howard, Circuit Judge.

Sam Silverman on brief for appellant.
    Teresa Walsh, Assistant Attorney General, and Martha Coakley, Attorney General, on Motion for Summary Disposition for appellees.

February 15, 2008

**Per Curiam**.  Plaintiff-appellant Bruce Jackson appeals from the district court's entry of summary judgment in favor of defendants, denying his claims, pursuant to 42 U.S.C. § 1983, that his termination from employment as a tenured professor at the Massachusetts Bay Community college ("MBCC") violated his due process and equal protection rights.  Jackson, following arbitration, has been reinstated to his former position with MBCC, awarded back pay and benefits for the time that he was off the payroll, and reimbursed for medical expenses incurred.  He continued to pursue the present claims in an effort to obtain damages and attorneys' fees.

"We review de novo a district court's entry of summary judgment.  Like the district court we take the facts of record in the light most favorable to the nonmovant . . . and draw all reasonable inferences in his favor.  Summary judgment is appropriate only when the record 'show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Fed.R.Civ.P. 56(c)." Cash v. Cycle Craft Co., 508 F.3d 680, 682 (1st Cir. 2007).  In opposing defendants' motion for summary judgment and in support of his cross-motion for summary judgment, Jackson relied largely upon the arbitrator's findings in the Arbitration Opinion and Award. "Although the arbitrator's factual findings are not dispositive, they may be entitled to great weight." Wojcik v. Massachusetts

-2-

State Lottery Comm'n, 300 F.3d 92, 105 (1st Cir. 2002) (citing McDonald v. City of W. Branch, 466 U.S. 284, 292 n.13 (1984)).

### I. Procedural Due Process

At the pre-termination stage, due process requires that "[t]he tenured public employee [receive] oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546(1985). Jackson argues on appeal that the district court erred in entering summary judgment in favor of defendants on his due process claim because his pre-termination hearing was not held before an "impartial" hearing officer, and because he did not receive the requisite pre-termination notice that the charges against him might result in his dismissal. Neither argument has merit.

### A. Impartial Hearing Officer

"We have held that there is no requirement that the hearing officer be impartial; indeed, the terminating employer may preside. . . . But that impartiality is not demanded does not itself determine whether bias can be so severe as to interfere with due process at the hearing itself." Chmielinski v. Massachusetts, ___ F.3d ___, 2008 WL 171099, at *7 (1st Cir. Jan. 22, 2008). To demonstrate such a due process violation, however, the plaintiff would have to show that the alleged bias "deprived him of the opportunity to put his facts before the decisionmaker, or that

-3-

there was an[] error of primary facts in the grounds used for termination that could be explained only by bias." Id.

As the district court found, and the record supports, Jackson "had the opportunity to present testimony and cross-examine witnesses" at his pre-termination hearing. And the record does not reveal erroneous factual findings at the pre-termination stage that could be explained only by bias. Although the arbitrator concluded that there was not just cause to dismiss Jackson, she did not find that the charges were without any factual basis. Instead, the arbitrator's conclusion of no "just cause" was largely based on her finding that MBCC had not put Jackson on notice in the years leading up to his dismissal that the underlying conduct charged was inappropriate and, if continued, could result in dismissal. Moreover, as in Chmielinski, the post-termination procedures (arbitration) provided an adequate means for Jackson to complain about the decisionmaker's alleged bias. See id. at *7 n.6.

B. Pre-Termination Notice

Appellant argues that he did not receive the notice required by the due process clause, relying upon this court's decision in Cotnoir v. Univ. of Me. Sys., 35 F.3d 6 (1st Cir. 1994). Cotnoir held that under Loudermill, pre-termination notice must include "notice of the charges alleged against [the employee] and any proposed action the official intends to take, based on those charges." Id. at 11. The record, viewed in the light most

favorable to Jackson, establishes that he received the requisite notice. Jackson was dismissed on August 8, 2002, after a three-day evidentiary hearing. In the spring prior to his dismissal, he received two letters notifying him of the charges against him and the possibility that he would be dismissed. The complaint itself states that "[i]n the spring of 2002, Dr. Norman apprised Dr. Jackson of his intention to terminate his employment." And the Arbitration Opinion and Award found that "[b]y letter dated June 28, 2002, President Norman notified Dr. Jackson that he was recommending Dr. Jackson's dismissal based on the following charges [followed by a listing of the charges]."

To the extent that Jackson relies upon the arbitrator's findings to establish that the requisite notice was not provided, that reliance is misplaced. The arbitrator found that the notice of what was expected of Jackson as a Professor in the years leading up to his dismissal was inadequate, weakening MBCC's argument that there was just cause for dismissal. The element of notice required to establish "just cause" for termination is an entirely separate standard from the requirement of pre-termination notice under the due process clause. The arbitrator was not presented with the question, and did not decide, whether Jackson received the requisite notice under the due process clause that he might face termination for the charged conduct.

II. Equal Protection "Class of One"

An equal protection "class of one" claim "is cognizable when - and only when - a 'plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.' At the summary judgment stage, of course, this allegation must be backed by competent evidence." Cordi-Allen v. Conlon, 494 F.3d 245, 250 (1st Cir. 2007) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)(per curiam)). In an attempt to carry that burden, Jackson has identified three incidents of complaints against MBCC professors that allegedly were not treated in the same manner as the student complaint against him. Viewing the evidence in the light most favorable to Jackson, the record does not support a finding that there was the requisite degree of similarity between Jackson's circumstances and those of the other MBCC instructors to whom he seeks to compare himself.

Appellant also appeals from the district court's denial of 1) his motion for default judgment and 2) his motion for disqualification of defendants' counsel, the Massachusetts Attorney General's Office. Neither claim has merit.

In their motion to allow a late filing of their answer, nunc pro tunc, defendants claimed that there was "excusable neglect" under Rule 6(b) because "due to the absence of a pertinent entry in the office's case management system, undersigned counsel

missed the deadline to file an answer and filed it upon discovering the error." "The district court is afforded great leeway in granting or refusing enlargements . . . and its decisions are reviewable only for abuse of that discretion." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 583-84 (1st Cir. 1994). "The Supreme Court has held that the term 'excusable neglect' should be interpreted flexibly. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 389 (1993)." Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 6 n.8 (1st Cir. 2006). And this court has said that "'[a] default judgment is itself a drastic sanction that should be employed only in an extreme situation.'" Coyante v. P.R. Ports Auth., 105 F.3d 17, 23 (1st Cir. 1997). For the reasons stated in defendants' motion to allow a late filing and opposition to the motion for default judgment, the district court did not abuse its discretion in determining that this was not such a situation.

Appellant's claim that the district court erred in denying his motion to disqualify the Massachusetts Attorney General's Office from representing the defendants is frivolous. In his opposition to appellees' motion for summary disposition, Jackson accepts that the Attorney General's Office has authority to represent the defendants. He maintains that "the issue here is whether the statutory procedures were followed." The procedures which Jackson claims were violated are contained in M.G.L. ch. 12

§3E, which applies to actions against "an officer or employee of any agency within the executive office of health and human services or the department of education." Id. § 3E.  As the appellees have pointed out, and appellant has not disputed, the MBCC is not an agency within either of the named departments.  Therefore, the statutory procedure that Jackson claims was not followed does not apply to the Attorney General's representation of these defendants.

Appellees' motion for summary disposition is <u>granted</u> and the district court's judgment granting their motion for summary judgment is <u>affirmed</u>. <u>See</u> 1st Cir. R. 27.0(c).